## TEFT *vs.* TEFT.

A legislative enactment authorizing a court to grant a divorce from the bonds of matrimony, between certain parties, provided it should be made to appear satisfactorily to the court, that the defendant had for the term of five years

preceding the time of filing the bill of complaint, and still continued to be, hopelessly and incurably insane; is in effect the granting of a divorce by the legislature in a particular case, and for a particular cause, for which no general law of the State authorizes a divorce to be granted, and is contrary to the provisions of the constitutions of 1836 and 1851, inhibiting divorces by the legislature.

Appeal from the St. Joseph Circuit Court, in Chancery.

*C. Gurney*, for the complainant.

*H. H. Riley*, for the defendant.

By the Court, DOUGLASS, J.

This is an appeal from a decree of divorce granted by the Circuit Court for St. Joseph county, on a bill filed in pursuance of the provisions of an act of March 31, 1849, (*L.* 1849, *p.* 243,) which specially authorized that Court to grant a divorce from the bonds of matrimony to James M. Teft (the complainant) from his wife, Sally Teft, (the defendant,) under the provisions of ch. 84 of R. S. of 1846, provided it should be made to appear satisfactorily that the said Sally Teft had been for the term of five years preceding the time of filing the petition or bill, and still continued to be, hopelessly and incurably insane.

There never was any general law of this State authorizing divorces for insanity, and both the constitution of 1836, which was in force when the law referred to was enacted, and that of 1851, in force when the decree was granted, inhibited divorces by the legislature—the former by art. xii., § 5, which is in these words: "Divorces shall not be granted by the legislature; but the legislature may by law authorize the higher courts to grant them under such restrictions as they may deem expedient"—the latter by art. iv., § 26, which declares that "Divorces shall not be granted by the legislature."

Is the law under which the decree in this case was granted, constitutional?

It does not *per se* divorce the parties named. Nor does it expressly *command* the Circuit Court to do so on proof of the insanity ; but if valid, it vests in James M. Teft a right to a divorce on proof of the insanity, which that court would be bound to carry into effect. Almost the sole office which it devolves upon the Court is to inquire into and determine, in the ordinary mode of judicial proceedings, whether certain facts exist, and to see that certain conditions mentioned in the 4th section are complied with. These facts being found, and these conditions being complied with, the divorce must follow.

The law assumed that the power which it vests in the Circuit Court, is all the power which the legislature is inhibited from exercising in relation to divorces. We cannot believe that this is the true construction of either of the constitutional provisions referred to, but we are of opinion that their further design was to deprive the legislature of all power to exercise its discretion as to whether a divorce should or should not be granted in favor of any individual, for a cause unknown to the general laws of the State—a discretion likely to be capriciously, improvidently, and sometimes unjustly exercised—and to leave only the power to enact general laws prescribing the causes which should alike entitle each and every individual within the State to a divorce by the judicial tribunals. The statute in question is in effect the granting of a divorce by the legislature, in a particular case and for a particular cause, for which no general law of the State authorized a divorce to be granted. It is therefore unconstitutional, and the decree of the Court below, made in pursuance of it, must be reversed with costs.

Wing, C. J., and Pratt, Johnson and Copeland, J. J., concurred.

Martin, J., did not hear the argument, and Whipple, J., granted the decree below.