J. D. ROBERTS v. LIFE INSURANCE COMPANY OF VIR-
GINIA.

*Jurisdiction—Courts—Contracts—Usury—Statutory Ac-*
*tion.*

1.  A contract made with the local agent of a foreign corporation
    maintaining an office and agency and doing business in this.
    State is a North Carolina contract, and the courts of this State
    have jurisdiction of an action founded thereon, whether or·
    not the plaintiff is a resident of this State.

2.  The Act of 1895, (Ch. 69,) which provides for the recovery of usu-·
    rious interest if the action is brought within two years after
    the payment in full of the indebtedness, by its express terms
    does not apply to contracts antedating its ratification, and,
    the right of plaintiff to recover at all is governed by Section
    3836 of *The Code*, which allows the recovery of twice the·
    amount of interest paid, provided action therefor be brought
    within two years from the date of the usurious transaction.

3.  The right of action to recover for usurious interest paid is·
    purely statutory, and the plaintiff must comply with the·
    terms of the statute as to the time of bringing his action;.
    hence, the defense that the usurious interest was paid and
    received more than two years before action brought need
    not be specially pleaded as is required in case of the plea of·
    the statute of·limitations.

4.  The findings of fact by a judge, where a jury trial has been.
    waived, can no more be reviewed, when based on correct prin-·
    ciples of law, than if the facts had been found by a jury.

CIVIL ACTION, begun on March 11, 1895, by the plaintiff·
against the defendant, a Virginia corporation, to recover
for usurious interest paid defendant on a loan of money.
The action was tried before *Starbuck*, *J.*, at October Term,.
1895, of DURHAM Superior Court. The following issue
was submitted: "What amount, if any, is the plaintiff·
entitled to recover ?"

J. D. Roberts, the plaintiff, testified as follows:

I borrowed $900 from the defendant in May or June, 1891; received $400 on June 3, 1891, then $500 on August 4, 1891; I executed note and mortgage of deed of trust to secure the money borrowed; I borrowed it to build house in the town of Durham; I made payments as follows: $9 May 22d, initiation fee; $10.80 May 30, 1891, and $15.30 per month thereafter for 28 months; during May, June, July and August, 1893, paid $9 in fines; March 20, 1894, I paid $769.07, balance claimed by defendant as due on loan; I conducted the transaction of negotiating the loan through Mr. J. F. Slaughter; I was a borrower from the defendant; Mr. Slaughter held an office in the local board which was organized in Durham, and managed the local business here; he negotiated this loan for the company; he examined, with two others, my property and appraised it; he received the application for this loan; got the $900 through Mr. Slaughter; he was cashier of the Fidelity Bank; the payments were made to me by check on the Fidelity Bank.

Plaintiff offered receipt signed by J. F. Slaughter, agent, for $8 for subscription fee for eight shares of stock in Defendant Company.

Defendant objected, on the ground that agency was not proved. Objection overruled. Defendant excepted.

I applied to Mr. Slaughter for money; he said " You can get money; if the Company does not have it when you need it, you can get it from the bank, which would advance it;" told him that I wanted money to build house.

The defendant objected to all this evidence. Objection overruled. Defendant excepted.

The plaintiff offered Endowment certificate.

I took nine shares of stock in Defendant Company; all the agreements with the Company made on same day; I

was charged $1.20 per share on the stock; when I applied for the loan, two propositions were made me by Mr. Slaughter: One to invest, the other to borrow; I chose the latter.

Defendant objected. Objection overruled. Defendant excepted.

The monthly payments were made to the local treasurer of the defendant; J. F. Wily, first local treasurer; J. B. Mason, second; W. W. Whitted, third; the defendant had a local board here; Mr. Slaughter and B. N. Duke assessed my property; the deed of trust was made to F. L. Fuller and J. F. Slaughter; the bond and deed of trust have been paid; the deed was marked satisfied, March 31, 1894.

On cross-examination plaintiff said:

" Got money from the Company when I needed it, checks were given on Fidelity Bank, signed by Company; Slaughter was cashier of this bank; Mr. F. L. Fuller filled up the mortgage; I was a resident of Durham when I borrowed this money; property situated here; I wanted to leave the state; I left the state on March 19, 1894, and have since then resided in Florida; reside there now; reached Florida on March 20, 1894; before leaving Durham I left money to pay defendant with my attorneys, Fuller & Fuller; I saw Mr. W. W. Fuller write a check to the Company; the $769.07 was paid to the defendant at its office in Richmond, Va.; it was not paid to the local treasurer."

At the close of the evidence, defendant requested his Honor to instruct the jury as follows:

"*First.* That the plaintiff, having full knowledge of the facts and having paid the alleged usurious interest, cannot recover the same, and the issue should be answered 'No.'

"*Second.* That having paid said sum for more than two years since the commencement of this action, the issue should be answered ' No.'

" *Third.* That the contract under which the money was paid was not usurious.

"*Fourth.* That, so far as this action is concerned, the contract is governed by the laws of Virginia, and is, therefore, not usurious.

"*Fifth.* That, upon the whole evidence, the plaintiff is not entitled to recover.

"*Sixth.* That both the plaintiff and defendant were non-residents of this state when the alleged cause of action occurred, and when this action was commenced, and this alleged cause of action having arisen in Virginia, the court has no jurisdiction of this action."

After argument of counsel, it was agreed that a jury trial should be waived, and that the court should find and answer the issue instead of the jury. The court, upon consideration of the testimony, admissions and exhibits, answered the issue four hundred and forty-five and $\frac{54}{100}$ dollars, ($445.54,) the said amount being double the interest found by the court to have been paid by the plaintiff to the defendant, within two years prior to the beginning of the action, March 11, 1895, the interest so paid, consisting of seven monthly payments, beginning with March 25, 1893, of $4.50 each, paid and received as interest, and various sums amounting to $9 paid as fines during 1893, and $182.27 included in the sum of $769.07, paid March 20, 1894, in the final settlement, all of said sums aggregating $222.77.

The court held that the plaintiff was not entitled to recover the interest paid prior to March 11, 1893, consisting of twenty-one monthly payments of $4.50 each, paid

and received as interest, aggregating $94.50 and the subscription fee of $9.00.

The court adjudged that the plaintiff recover of defendant $445.54, with interest from October 7, 1895, and costs.

From this judgment plaintiff appealed, assigning as error that the same adjudges that the plaintiff was not entitled to recover the interest paid prior to March 11, 1893, and also that said judgment, given upon the usurious payments made within two years before bringing this suit, ought to have been $655.44, and not $445.54.

. The defendant also appealed, contending that if his Honor should answer the issues for the plaintiff, he should only find the sum of $251.52, and at the request of his Honor submitted a calculation as to the manner of ascertaining and arriving at said amount, excepting also to the amount fixed by his Honor.

*Messrs. Fuller, Winston & Fuller,* for plaintiff.
*Messrs. Manning & Foushee,* for defendant.

FURCHES, J.:   This is an action to recover back usurious interest paid to the defendant by the plaintiff, commenced on the 11th day of March, 1895.   It was admitted on the argument here that *Miller* v. *Insurance Co.,* at this Term, decided all the matters involved in this case, except three : First, whether the plaintiff being a non-resident could maintain this action ; secondly, whether this was a Virginia contract or a North Carolina contract ; and thirdly, as to whether the interest paid by plaintiff more than two years before the commencement of the action should be included in the recovery or not.

The answer to the second proposition will substantially answer the first.   The defendant is a Virginia corporation, but by comity is doing an insurance business in this State, and has an office in the town of Durham, and an agent

118—28

located at that place.    The local agent negotiated this loan in Durham, which defendant alleges is a part of its business and is authorized by its charter.    All the interest on this loan was paid to the local agent in Durham, upon whom service of process in this case was served.    It was a North Carolina contract.

The court had jurisdiction of the subject matter and of the defendant by personal service, made according to law. And as defendant failed to show authority for this contention, we are at a loss to know upon what ground it is put, and we must sustain the jurisdiction of the court.    In *Sherrill* v. *Tel. Co.*, 109 N. C., 527, and 116 N. C., 655, and a number of other cases, similar to this, the courts have acted upon the idea that they had jurisdiction.    But it does not appear in these cases that this question was directly presented.    It may have been an oversight in the counsel in these cases not to do so.    And while these points are made in the case on appeal, we do not think they were seriously relied on here.    The main point in the case, argued and relied on here, was the question of time for which the plaintiff should be allowed to recover, plaintiff contending that he should recover double the amount of all the usurious interest he had paid, and defendant contending that he should not be allowed to recover for any interest paid more than two years before the commencement of the action.    The court held with the defendant on this point and the plaintiff excepted.

This contract, by which the plaintiff borrowed $900 from the defendant, was made in June, 1891, as plaintiff alleges.    And plaintiff's right of action, therefore, rests upon Section 3836 of *The Code*.    The Act of 1895, Ch. 69, was ratified on the 21st day of February, 1895.    But it expressly provides that it is not to apply to any contracts entered into before its ratification.    If the Act of 1895 had

applied, the contention ,of plaintiff would have been correct, as it provides for bringing an action to recover back double the amount of usurious interest paid, if the action is brought within two years after the *payment in full* of such indebtedness, in this respect changing Section 3836 of *The Code*, which provides that " the action must be brought within two years from the time the *usurious transaction occurred*."

It was contended for the plaintiff that the Statute of Limitations must be pleaded, and, as the defendant had not done so in this case, he could not have the benefit of this defense, and cited authorities to sustain this position. The plaintiff is correct in his law, but it has no application to this case. The defendant's contention does not depend on the statute of limitations, but upon plaintiff's right of action. His right to recover anything depends upon the statute. It is purely a statutory action, and he must comply with the terms of the statute, or he cannot recover. Therefore, under Section 3836 of *The Code*, unless he commences his action within *two* years from the usurious transaction, he has no cause of action. *Taylor* v. *Iron & Coal Co.*, 94 N. C., 525; *Best* v. *Kinston*, 106 N. C., 205. There is no error and the judgment is affirmed.

*In Defendant's Appeal.*

FURCHES, J.: We see no error in this appeal. The question of time for which plaintiff is allowed to recover is decided in plaintiff's appeal,—that there was no error in the court's holding that plaintiff could only recover for usurious interest paid within two years next before commencing his action. And the only other question presented by this appeal is as to what amount the plaintiff should recover. A jury trial was waived and the judge found the facts. And his findings of fact can no more be reviewed by this Court than if they had been found by a

jury. *Walnut* v. *Wade*, 103 U. S., on p. 688. We can only review him upon questions of law. The counsel on both sides contend that his findings of fact—the amount of plaintiff's recovery—are not correct ; plaintiff contending it should have been for more, and defendant contending it should have been for a less amount. But as we find that his findings were based upon correct principles of law, they are conclusive. There is no error and the judgment is affirmed.

Affirmed.