The findings of fact and judgment of Guy Weaver, judge of the General County Court, of Buncombe County, N.C. is as follows: *Page 447 
"1. That on and about 27 October, 1928, the H. K. Ferguson Company, as general contractor, was engaged in the construction of the manufacturing plant of the American Enka Corporation, at Enka, in Buncombe County.
2. That the H. K. Ferguson Company and the Nichols Contracting Company entered into a contract wherein and whereby a part of the excavation construction work of the said plant of the Enka Corporation was sublet to Nichols Contracting Company.
3. That the Nichols Contracting Company engaged as subcontractors on part of the construction work so sublet to it, the defendant, M. W. London, operating and doing business under the firm name and style of M. W. London and Son.
4. That the plaintiff, J. O. Plott Company, furnished to M. W. London and Son certain goods, wares, merchandise and supplies which were used by them, their employees, horses and mules, in the excavation work of the said Enka Plant; and that there is a balance due and owing to the plaintiff on account thereof the sum of $651.50 and interest on said sum from 1 January, 1929.
5. That the H. K. Ferguson Company required and the Nichols Company furnished, a bond indemnifying the H. K. Ferguson Company against loss in connection with the work sublet by the said H. K. Ferguson Company to the Nichols Contracting Company and the defendant Fidelity and Deposit Company of Maryland executed said bond as surety.
6. That the General Assembly of North Carolina, at its session of 1927, passed a local or private act, relating to Buncombe County, designated `chapter 613,' section 1 of which is in the following words: `Section 1. That it shall not be deemed compulsory for the owner to require a construction contract bond of the contractor in the construction of private buildings or private projects, but should such owner require such bond of the contractor, and the contractor agree to and give the same, said bond shall contain a provision to save the owner harmless and must also contain the same provisions as required by law to be incorporated in contract or construction bonds as in the case of municipal or other public improvements relative to labor performed and material furnished, which conditions or provisions are conclusively presumed to be written into every such bond for all purposes, and said bond when so required and given shall be executed with some corporation licensed to do business in North Carolina, as surety thereon.' Which said statute was introduced in evidence.
7. That the plaintiff upon the foregoing facts moved for judgment against the defendant, M. W. London, and Fidelity and Deposit Company of Maryland. *Page 448 
8. The court being of opinion that the plaintiff was entitled to judgment against M. W. London, trading and doing business as M. W. London and Son, upon motion of J. H. Cathey, attorney for plaintiff, ordered and adjudged that the plaintiff have and recover of the defendant, M. W. London and Son, the sum of $651.50 with interest thereon from 1 January, 1929, until paid, and the costs of this action to be taxed by the clerk.
9. The court being of the further opinion that the bond aforesaid is one of indemnity in favor of the H. K. Ferguson Company, and it not appearing in the evidence that the H. K. Ferguson Company has suffered any loss on account of the work in connection with the contract between it and the Nichols Contracting Company, that the plaintiff cannot recover on that account, and it is thereupon adjudged that the plaintiff take nothing on that account against the defendant herein.
10. The court being of the further opinion that section 1, of chapter 613, of the Public-Local Laws of North Carolina, of the Legislative Session of 1927 (applicable only to Buncombe County), is invalid, for the reason that said statute unlawfully interferes with the freedom of contract guaranteed to all citizens alike under the due process and equal protection provisions of the Fourteenth Amendment to the Constitution of the United States, and is invalid in that it attempts to confer special privileges and likewise burdens upon property owners in Buncombe County, contrary to the provisions of section 7, Article I, of the Constitution of North Carolina.
It is thereupon, considered, ordered and adjudged, that the plaintiff take nothing by its said action against the defendant, the Fidelity and Deposit Company of Maryland."
The plaintiff excepted and assigned error to the court's refusal to enter judgment against the defendant, Fidelity and Deposit Company of Maryland, and appealed to the Superior Court of Buncombe County, N.C.
The judgment of the Superior Court is as follows:
"This cause coming on to be heard upon appeal to the Superior Court of Buncombe County, from the General County Court, before his Honor, A. M. Stack, judge presiding, the court sustained the findings of fact and the judgment of the court as set out in paragraphs numbered in said judgment: 1, 2, 3, 4, 5, 6, 7 and 8.
The court finds that the bond mentioned in the above entitled action is one of indemnity, in favor of the H. K. Ferguson Company, and that it does not appear in evidence that the H. K. Ferguson Company has suffered any loss on account of the work in connection with the contract between it and the Nichols Contracting Company, as set forth in paragraph *Page 449 
nine of the judgment of the General County Court; but the court is of the opinion that section 1, chapter 613 of the Public-Local Laws of North Carolina, of the Legislative Session of 1927, is a valid statute, and upon the execution and delivery of said bond of indemnity there was written into said bond by virtue of said statute the provision that the principal and surety, the Fidelity and Deposit Company of Maryland, contracted and pledged themselves to pay for all labor and materials entering into the work covered by the contract between said H. K. Ferguson Company and the Nichols Contracting Company, and the subcontract between the Nichols Contracting Company and M. W. London and Son, and that said section 1 of said chapter 613 of the Public-Local Laws of North Carolina, of the Legislative Session of 1927, is not invalid by reason of any unlawful interference with the freedom to contract guaranteed to all citizens alike under the due process and equal protection provisions of the Fourteenth Amendment to the Constitution of the United States, and is not invalid in that it attempts to confer special privileges and burdens upon property owners in Buncombe County contrary to the provisions of section 7, Article I, of the Constitution of North Carolina.
It is, therefore, considered, ordered and adjudged that to the extent herein set forth the judgment of the General County Court of Buncombe County be set aside, and that the plaintiff have and recover of the defendant, the Fidelity and Deposit Company of Maryland, the sum of six hundred and fifty-one and 50/100 ($651.50) dollars, with interest thereon from 1 January, 1929, until paid, and the costs of this action to be taxed by the clerk."
The defendant, the Fidelity and Deposit Company of Maryland, excepted, assigned error and appealed to the Supreme Court, "to the finding of the court below and the adjudication thereon that the bond of indemnity given by the defendant, the Fidelity and Deposit Company of Maryland, to the H. K. Ferguson Company, had written in it by force of law the provisions of section 1, chapter 613, of the Public-Local Laws of North Carolina of the Legislative Session of 1927."
Is section 1 of chapter 613, Public-Local Laws 1927, constitutional? We think not. The judge of the General County Court of Buncombe County, N.C. decided the act was unconstitutional, on appeal the judge of the Superior Court held the act constitutional. The *Page 450 
caption of the act reads: "An act relating to private construction bonds in Buncombe County." The act is fully set out in finding of fact No. 6, supra.
C. S., 2445 and amendments, in part, are as follows: "Every county, city, town or other municipal corporation, which lets a contract for the building, repairing or altering any building, public road, or street, shall require the contractor for such work (when the contract price exceeds five hundred dollars) to execute bond with one or more solvent sureties beforebeginning any work under said contract (italics ours), payable to said county, city, town or other municipal corporation, and conditioned for the payment of all labor done on and material and supplies furnished for the said work, under a contract or agreement made directly with the principal contractor or subcontractor. . . . Every bond given by any county, city, town or other municipal corporation for the building, repairing or altering of any building, public road or street, as required by this section, shall be conclusively presumed to have been given in accordance therewith, whether such bond be so drawn as to conform to the statute or not, and this statute shall be conclusively presumed to have been written into every such bond so given. Only one action or suit may be brought in the county in which the building, road or street is located, and not elsewhere. Laws 1913, chap. 150, sec. 2; 1915, chap. 191, sec. 1; 1923, chap. 100; 1927, chap. 151." N.C. Code of 1931, Anno. (Michie), p. 909.
It may be noted that the Buncombe County act is confined to "corporation licensed to do business in North Carolina, as surety thereon," the general State act "with one or more solvent sureties."
Under the above general State law, irrespective of the terms of the contract of indemnity, the laborers and materialmen on public buildings, etc., can sue on the contractor's bond to the extent of the penalty of the bond. The general statute is written in and becomes a part of the surety bond. Electric Co. v. Deposit Co., 191 N.C. 653; Supply Co. v. PlumbingCo., 195 N.C. 629.
We think this local or private Buncombe County act is in contravention of Art. I, sec. 7, of the N.C. Constitution: "No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public service." And section 31: "Perpetuities and monopolies are contrary to the genius of a free state and ought not to be allowed."
Adams, J., for the Court, has well stated the purpose of this provision of the Constitution, Art. I, sec. 7, in S. v. Fowler, 193 N.C. at p. 292, as follows: "This provision, we think, is a guaranty that every valid enactment of a general law applicable to the whole State shall operate *Page 451 
uniformly upon persons and property, giving to all under like circumstances equal protection and security and neither laying burdens nor conferring privileges upon any person that are not laid or conferred upon others under the same circumstances or conditions."
Under provisions of C. S., 3410, applying to all counties of the State, a violation of the prohibition law, upon conviction, is punishable in all counties of the State by fine or imprisonment, within the discretion of the trial judge, and a statute, applying only to five counties, making the punishment a fine only in certain instances, is in violation of our Constitution, and void. Const., Art. I, sec. 7. S. v. Fowler, supra.
Cooley's Const. Lim., Vol. 2 (8th ed.), at p. 813, says: "Equality of rights, privileges, and capacities unquestionably should be the aim of the law; and if special privileges are granted, or special burdens or restrictions imposed in any case, it must be presumed that the Legislature designed to depart as little as possible from this fundamental maxim of government."
The passage of laws not of uniform operation, the granting of special privilege and the like are ordinarily contrary to our constitutional limitations. Equal protection of the law and the protection of equal laws are fundamental.
"The statute of limitations cannot be suspended in particular cases while allowed to remain in force generally. Holden v. James, 11 Mass. 396;Davison v. Johonnot, 7 Met., 388. . . . The general exemption laws cannot be verified for particular cases or localities. Bull v. Conroe, 13 Wis. 233,244. The legislature, when forbidden to grant divorces, cannot pass special acts authorizing the courts to grant divorces in particular cases for causes not recognized in the general law." Teft v. Teft, 3 Mich. 67;Simonds v. Simonds, 103 Mass. 572; Cooley, supra, note at p. 809. Const. of N.C. Art. II, sec. 10; Cooke v. Cooke, 164 N.C. 272.
In 6 R. C. L., part sec. 437, at p. 441-2, the law is thus stated: "Due process of law and the equivalent phrase, law of the land, have frequently been defined to mean a general and public law operating equally on all persons in like circumstances, and not a partial or private law affecting the rights of a particular individual or class of individuals, in a way in which the same rights of other persons are not affected."
Cooley's Const. Lim., Vol. 1, note, under Powers Legislative Department May Exercise, p. 261: "Gambling cannot be made a crime everywhere except `within the limits or enclosure of a regular race course.' S. v. Walsh,136 Mo., 400, 37 S.W. 1112, 35 L.R.A., 231; see, also, S. v. Elizabeth, 56 N.J. L., 28 A. 51, 23 L.R.A., 525." *Page 452 
The above decisions in other jurisdictions are in accord with the well settled principle set forth in the Fowler case, supra. Our Court has frequently passed upon similar controversies.
In Simonton v. Lanier, 71 N.C. p. 503, it was contended that the charter of the Bank of Statesville was given the special privilege to lend money at a higher rate than the general State law. Referring to Article I, sections 7 and 31, supra, Bynum, J., said: "The wisdom and foresight of our ancestors is nowhere more clearly shown than in providing these fundamental safeguards against partial and class legislation, the insidious and ever-working foes of free and equal government." Power Co. v. ElizabethCity, 188 N.C. at p. 288.
In Staton v. R. R., 111 N.C. 278, it was held that the authority granted to a corporation by its charter to construct a railroad did not thereby confer upon it an immunity from liability for damages to others in respect of their adjacent lands, when, under the same circumstances, a private individual would be liable. It was declared by Shepherd, C. J., that such immunity expressly granted by the Legislature, would be in conflict with the Magna Carta and the Constitution. R. R. v. Alsbrook,110 N.C. 137; Jenkins v. R. R., 110 N.C. 438.
It was said in Rowland v. B. L. Asso., 116 N.C. at p. 878, that "Laws must be consistent with each other and uniform in their bearing upon all the people of the State." In that case it was held that the Legislature was without authority under the provisions of the Constitution, to alter or change the general law fixing the rate of interest at 6 per cent, so as to allow building and loan associations, under the guise of "dues," "fees," etc., to charge more than the rate of interest allowed by law.
It was held in Motley v. Warehouse, 122 N.C. 347: A provision in a charter of a warehouse corporation to the effect that such corporation shall not be liable for loss or damages not provided for in its warehouse receipt or contract, attempts to confer exclusive privileges and is therefore unconstitutional and void under Const., Art. I, sec. 7.
Prior to the amendment of 1923 to C. S., 2445, supra, the contrary rule prevailed that the contractor's bond for the erection of a public building, etc., did not create a liability on the surety to pay for the labor done and materials furnished for the erection of the buildings, etc., but only to indemnify the municipality against loss; there was no presumption that the bond incorporated this provision, and no liability to the surety was thereunder created. McCausland v. Construction Co., 172 N.C. 708; BrickCo. v. Gentry, 191 N.C. 636; Trust Co. v. Construction Co., 191 N.C. 664. *Page 453 
As was said in Supply Co. v. Plumbing Co., supra, at p. 635, the purpose of the 1923 amendment, supra, was to meet the decisions in previous cases "so as to protect the laborers and materialmen, where the bond does not make provisions to pay them."
But C. S., 2445, is a general act, limited to counties, cities, towns or other municipal corporations, the purpose being, as was stated in Brick Co.v. Gentry, supra, the exercise of a sound public policy. There is not, so far as we have been able to ascertain, any such statute applying to the construction contract bond of the contractor, in the construction of private buildings or private projects, but the General Assembly of North Carolina of 1927, passed a Local or Private Act, Public-Local Laws 1927, chap. 613, relating only to Buncombe County, which made C. S., 2445 and amendments, applicable to private buildings or private projects in Buncombe County, N.C. and applicable only to "some corporations licensed to do business in North Carolina as surety thereon."
It is now sought to prescribe a greater measure of liability of a corporation surety upon a bond of indemnity than that set forth in a private contract between the two parties, by virtue of the provisions of this local or private statute applicable only to Buncombe County, and it is contended that it is incorporated into this private contract of corporation suretyship to the same degree and to the same extent as if it were a municipality contract. We cannot so hold.
While it is true that the statute does not make it compulsory for citizens of Buncombe County to require corporation surety bonds from contractors, it does fix liability upon certain corporation sureties, when they do furnish bonds, for the payment of those who perform labor and furnish material used in the construction of private buildings and private projects, and those doing labor or furnishing material thereon, irrespective of the terms of the contract of indemnity. This extends to the citizens of Buncombe County a right and privilege not enjoyed by citizens of the other 99 counties in the State. It imposes upon certain corporation sureties an obligation not imposed in the other 99 counties of the State. Nor is the act applicable to municipal corporations, which "stand upon peculiar grounds from the fact that those corporations are agencies of government, and as such are subject to complete legislative control." Cooley's Constitutional Limitations (8th ed.), 802; Broadfoot v.Fayetteville, 121 N.C. 418.
As was said in S. v. Fowler, supra, at p. 292, this principle of uniformity, required by our own State Constitution and by the Fourteenth Amendment to the Federal Constitution, "does not interfere with the police power of the State, the object of which is to promote the health, peace, morals and good order of the people, to increase the industries of *Page 454 
the State, to develop its resources and to add to its wealth and prosperity." In Gunter v. Sanford, 186 N.C. at p. 455, we find: "A legislative enactment will not be construed as repugnant to the Constitution unless its invalidity is `clear, complete and unmistakable,' or shown beyond a reasonable doubt."
Mindful of the above admonition, we have considered the matter with care, and we think that this Buncombe County Act is unconstitutional — a special privilege given to the residents of Buncombe County which is not enjoyed by the other 99 counties in the State. It imposes an obligation on certain corporation sureties not imposed in the other 99 counties of the State, and not imposed on individual sureties. For the reasons given, the judgment below is
Reversed.