J. H. EDGERTON AND MRS. S. R. MORGAN AND G. E. MORGAN, v. GURNEY P. HOOD, COMMISSIONER OF BANKS EX REL. RUTHERFORD COUNTY BANK AND TRUST COMPANY.

(Filed 24 January, 1934.)

**Banks and Banking H d—Act allowing purchased claims for deposits to be used at face value to pay debts to certain closed banks held void.**

Chapter 344, Public-Local Laws of 1933 as amended by chapters 540 and 541, Public Laws of 1933, providing that depositors of certain closed banks might sell their claims for deposits to persons indebted to the banks at

the date of their closing, and that the liquidating agents of such banks should accept such purchased claims at their face value in payment of the purchasers' debts to the banks, *is held* unconstitutional and void, it being in violation of Art. I, sec. 7, which prohibits exclusive and separate emoluments or privileges except for public service, in that the act allows only creditors who were depositors to sell their claims only to debtors of the banks at the date of their closing in discrimination against other debtors and creditors of the banks, and in that it applies only to banks within certain designated counties, and in some instances only to towns and townships in the designated counties, in discrimination against debtors and creditors of closed banks in other sections of the State, and in that it applies only to banks within the designated areas which had been closed for eighteen months prior to the ratification of the act in discrimination against debtors and creditors of banks in such areas which closed subsequent to the specified time, all of which classifications are unjust and arbitrary.

STACY, C. J., concurs in result.

APPEAL by defendant from *Schenck, J.,* at September Term, 1933, of RUTHERFORD. Reversed.

This is an action instituted under the provisions of chapter 102, Public Laws of North Carolina, 1931, to determine the rights and duties of the parties under the provisions of chapter 344, Public-Local Laws of North Carolina, 1933, as amended by chapters 540 and 541, Public Laws of North Carolina, 1933, and for judgment in accordance with such rights and duties.

The action was tried on a statement of facts agreed which are substantially as follows:

1. The Rutherford Bank and Trust Company, a corporation engaged in the banking business under the laws of this State, in Rutherford County, closed its doors and ceased to do business on 4 February, 1930. Its assets are now in the possession of the Commissioner of Banks of North Carolina, and are in process of liquidation for the payment of its liabilities as provided by statute. N. C. Code of 1931, sec. 218(c), chap. 113, Public Laws of N. C., 1927, as amended. The claims of its depositors and other creditors have not been paid in full. The assets now in the possession of the Commissioner of Banks are not sufficient in value to fully pay and discharge said claims.

2. All the preferred claims of creditors of the Rutherford County Bank and Trust Company have been paid and fully discharged by the Commissioner of Banks, out of the assets of said bank. No payments have been made on claims of depositors and other creditors of said bank, who are not entitled to preferences. These claims as filed with the Commissioner of Banks amount to $568,203.18, of which claims amounting

to $109,785.44 are for notes and accounts due by said bank, at the date of its closing, and claims amounting to $458,417.74, are for deposits in said bank, at said date.

3. At the date of the closing of the Rutherford County Bank and Trust Company, Mrs. S. R. Morgan, one of the plaintiffs in this action, had on deposit with the said bank the sum of $310.26, and J. H. Edgerton, another plaintiff, had on deposit with said bank the sum of $473.51, both said deposits making a total of $783.77, due by said bank to said plaintiffs, as depositors. Claims for said deposits have been duly filed and allowed by the Commissioner of Banks. Both these claims have been sold and assigned for value by the said plaintiffs, since the closing of said bank, to the plaintiff, G. E. Morgan, who by virtue of said purchase and assignments is now the owner of both said claims.

4. At the date of the closing of the Rutherford County Bank and Trust Company, the plaintiff, G. E. Morgan, was indebted to said bank in the sum of $600.00, and accrued interest, as evidenced by his promissory note payable to said bank. This note has not been paid, and is now held by the Commissioner of Banks as an asset of the Rutherford County Bank and Trust Company.

5. The plaintiff, G. E. Morgan, has tendered to the defendant, Commissioner of Banks, in payment and discharge of his note for $600.00, and accrued interest, now held by the said Commissioner as an asset of the said bank, the claims against the Rutherford County Bank and Trust Company, aggregating the sum of $783.77, which were sold and assigned to said plaintiff, since the closing of said bank, by the plaintiffs, Mrs. S. R. Morgan and J. H. Edgerton, and has demanded that the said Commissioner of Banks accept said claims and apply the amount due thereon in discharge of his said note and accrued interest, as provided by chapter 344, Public-Local Laws of North Carolina, 1933, as amended by chapters 540 and 541, Public Laws of North Carolina, 1933. The defendant, Commissioner of Banks has refused and still refuses to accept said claims, and to apply the amount due thereon as demanded by the plaintiffs, for the reason that he has been advised that the statute, under which said demand was made, is unconstitutional and void.

The court was of opinion that by virtue of the provisions of chapter 344, Public-Local Laws of North Carolina, 1933, as amended by chapters 540 and 541, Public Laws of North Carolina, 1933, the plaintiff, G. E. Morgan, has the right to have the claims sold and assigned to him by his coplaintiffs, Mrs. S. R. Morgan and J. H. Edgerton, applied to the payment and discharge of his note and accrued interest, and that it is the duty of the defendant, Commissioner of Banks, to accept said claims, and apply the amount due thereon to the payment and discharge of said note and accrued interest.

In accordance with said opinion, it was ordered and adjudged by the court that the defendant, Commissioner of Banks, accept from the plaintiff, G. E. Morgan, the said claims, and apply the amount due thereon, to the payment and discharge of said note and accrued interest, and that the plaintiffs recover of the defendant the costs of the action. The defendant excepted to the judgment and appealed to the Supreme Court.

*Edwards & Edwards, Stover P. Dunagan and Quinn, Hamrick & Hamrick for plaintiffs.*

*B. T. Jones, Jr., for defendant.*

CONNOR, J. This action was instituted in the Superior Court of Rutherford County under the provisions of chapter 102, Public Laws of North Carolina, 1931 (N. C. Code of 1931, sec. 628), which is entitled, "An act to authorize declaratory judgments." The purpose of the action is to have the rights of the plaintiffs and the duties of the defendant, with respect to the administration of the assets of the Rutherford County Bank and Trust Company, under the provisions of chapter 344, Public-Local Laws of North Carolina, 1933, as amended by chapters 540 and 541, Public Laws of North Carolina, 1933, determined by the court, to the end that a judgment may be rendered in the action to enforce such rights and to compel the performance of such duties. It is conceded that on the facts agreed, the plaintiffs are entitled to the relief provided by the statute, and demanded by them, and that it is the duty of the defendant to comply with the provisions of the statute, unless, as contended by the defendant, the statute is void because its enactment by the General Assembly was in violation of certain provisions of the Constitution of North Carolina and of the United States. The sole question, therefore, presented by this appeal is whether chapter 344, Public-Local Laws of North Carolina, 1933, as amended by chapters 540 and 541, Public Laws of North Carolina, 1933, is unconstitutional and for that reason void. The statute now reads as follows:

"*The General Assembly of North Carolina do enact:*

Section 1. That any person, firm or corporation, society or organization, by whatsoever name designated, having any moneys or funds on deposit in any bank in Buncombe, Cherokee, Craven, Halifax, Haywood, Henderson, Jackson, Johnston, Macon, Robeson, Rutherford, Sampson, Stanly, Wilson, Transylvania, Alexander, Avery, Beaufort, Bertie, Bladen, Camden, Carteret, Catawba, Chatham, Chowan, Cleveland, Duplin, Edgecombe and all municipalities therein, with the exception of the town of Pine Tops, Gaston, Gates, Hertford, Hoke, Jones, Lee, Lenoir, Lincoln, Mecklenburg, Montgomery, Moore, Nash, New Hanover, Northampton, Pamlico, Pasquotank, Perquimans, Pitt, Polk, Richmond, Rock-

ingham, Scotland, Stokes, Tyrrell, Wayne, Wilkes counties, North Carolina, that is now closed, and has been closed eighteen months or longer prior to the ratification of this act, and which has not paid its depositors and other creditors in full, shall, from and after the ratification of this act, have authority to sell and convey such accounts or deposits to any person, firm or corporation that may desire to purchase the same, and who owe such closed bank any money, and such person, firm or corporation purchasing such account or deposit shall be entitled to apply such account or deposit to the discharge of any debts owing by them to such closed bank at the full face value of such account or deposit.

Section 2. That this act shall not apply to any closed bank or banks, in Robeson County, if after thirty days' notice by publication, 49 per cent or more of the depositors of such closed bank protest in writing to the Commissioner of Banks. The State Commissioner of Banks is hereby directed to publish due notice to depositors in closed banks in Robeson County for a period of at least thirty days, said notice to begin within twenty days after the ratification of this act. After the said thirty days notice, and before the full provisions of this act shall become effective as to such bank or banks in Robeson County, the Commissioner of Banks shall publish a complete list of all depositors together with a list of the names of all depositors protesting under the previous notice. The Commissioner of Banks is hereby authorized to take such further steps as are necessary, in his discretion, to carry out the main purpose of this section; *provided,* this section shall apply only to banks in Maxton Township, Robeson County, North Carolina.

Section 3. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

Section 4. That this act shall be in full force and effect from and after its ratification."

The original act was ratified on 18 April, 1933. The acts amending the original act were ratified on 15 May, 1933. This action was begun on 22 August, 1933.

A reading of the statute discloses that its provisions apply only to creditors of a bank to which the statute is applicable, whose claims are founded upon deposits in the bank at the date of its closing; these provisions do not apply to other creditors whose claims may be for supplies or fixtures sold, or for services rendered, or for money loaned to the bank prior to its closing. Only creditors of the bank who were depositors are authorized by the statute to sell and convey their claims to persons, firms or corporations who may desire to purchase such claims; such claims may be sold and conveyed, under the provisions of the statute, only to purchasers who were indebted to the bank at the date of its

closing. The statute thus not only attempts to confer a privilege on one class of the creditors of a closed bank, but discriminates against another class. No just or reasonable ground for this classification of the creditors of a closed bank to which the statute is applicable appears upon the face of the statute, or is suggested by the record in this appeal. The classification is unreasonable and arbitrary, and cannot be justified or sustained.

The statute does not apply to all banks in this State that were closed and had been closed for more than eighteen months prior to its ratification. It applies only to such banks in certain counties designated in the statute, and in some cases only to banks in towns or townships in said counties. The statute thus not only attempts to confer a privilege on the creditors and debtors of certain banks in the State, but discriminates against creditors and debtors of all closed banks in the State to which it is not applicable. No just or reasonable ground for this classification of closed banks in this State appears upon the face of the statute, or is suggested by the record in this appeal. The classification is unreasonable and arbitrary, and cannot be justified or sustained.

The statute does not apply to all closed banks in the towns, townships or counties designated therein; it applies only to such banks as have been closed for more than eighteen months prior to the ratification of the statute. Creditors and debtors of a closed bank that has been closed for less than eighteen months prior to the ratification of the statute, although such bank is located in one of the counties designated in the statute, are denied the privilege conferred by the statute upon creditors and debtors of a closed bank to which the statute is applicable. No just or reasonable ground for this classification appears upon the face of the statute or is suggested by the record in this appeal. The classification is unreasonable and arbitrary and cannot be justified or sustained.

Without regard to the question as to whether the statute contravenes section 29 of Article II of the Constitution of North Carolina, or section 10 of Article I of the Constitution of the United States, as contended by the defendant on this appeal, it is clearly in contravention of section 7 of Article I of the Constitution of North Carolina, and for that reason is unconstitutional and void. The plaintiffs have no rights under the statute, which it is the duty of the defendant to recognize or enforce.

Section 7 of Article I of the Constitution of North Carolina is as follows:

"No man or set of men are entitled to exclusive or separate emoluments or privileges from the community, but in consideration of public services."

The statute contravenes this sound and just principle, and violates both the letter and spirit of the provision, because (1) it attempts to confer an exclusive and separate privilege on one class of creditors and

debtors of a closed bank, which it denies to another class, with no just or reasonable ground for the classification; (2) it attempts to confer an exclusive and separate privilege on the creditors and debtors of one class of closed banks in this State, which it denies to the creditors and debtors of another class, with no just or reasonable ground for the classification; and (3) it attempts to confer an exclusive and separate privilege on the creditors and debtors of one class of closed banks in the counties, townships and towns designated in the statute, which it denies to the creditors and debtors of another class, with no just or reasonable ground for the classification.

Statutes enacted by the General Assembly in violation of section 7 of Article I of the Constitution of this State have been declared unconstitutional and void by this Court in *Ploll v. Ferguson*, 202 N. C., 446, 163 S. E., 688; *S. v. Fowler*, 193 N. C., 290, 136 S. E., 709; *Motley v. Warehouse Co.*, 122 N. C., 347, 30 S. E., 3; *Simonton v. Lanier*, 71 N. C., 498.

The question as to whether a statute enacted by the General Assembly of this State, applicable to all creditors and all debtors of all closed banks in the State, providing that any creditor of such bank shall be authorized to sell and convey his claim against such bank to a purchaser who is indebted to said bank, and that such purchaser shall be entitled to apply such claim to the discharge of his debt to the bank at its full face value, would contravene section 10 of Article I of the Constitution of the United States, prohibiting any state from passing a law impairing the obligation of a contract, or making anything but gold and silver coin a tender in payment of debts, is not considered or decided on this appeal. For the reason stated in this opinion the judgment of the Superior Court is

Reversed.

STACY, C. J., concurs in result.