D. O. COWAN v. SECURITY LIFE AND TRUST COMPANY.

(Filed 16 December, 1936.)

1. **Usury § 1—C. S., 6291, does not exempt insurance companies from the provisions of C. S., 2305, or C. S., 2306.**

C. S., 6291, providing that where an insurance company requires as a condition precedent to the lending of money that the borrower take out a policy of life insurance and assign it to insurer as security for the loan, the premiums paid on such policy shall not be considered as interest on the loan when such premiums do not exceed premiums charged on like policies issued to persons who do not obtain loans, *is held* not to exempt insurance companies from the provisions of C. S., 2305, 2306, relating to usury, the purport and effect of the statute being merely to allow insurance companies to require as a condition precedent to the loan of money that the borrower take out a policy of insurance and assign same as security for the loan, and the statute does not authorize insurance companies to charge interest in excess of six per cent on loans made by them, C. S., 2305, or exempt insurance companies from the penalties for usury when such companies charge an illegal rate of interest on loans, C. S., 2306. If C. S., 6291, did provide that insurance companies should be exempt from C. S., 2305, 2306, it would be void. N. C. Const., Art. I, secs. 7 and 31.

2. **Same—Endowment policy held life insurance policy within meaning of C. S., 6291.**

A ten-year endowment policy comes within the provisions of C. S., 6291, allowing insurance companies to require a borrower to take out and assign a life insurance policy to the insurer as collateral security for a loan, when such endowment policy provides that the face amount thereof shall be paid to the beneficiary if insured dies during the ten-year period while the policy is in force.

3. **Usury § 2—Insurance company requiring borrower to take out life policy held not subject to penalty for usury.**

An insurance company required a borrower to execute a deed of trust on realty and to take out an endowment life insurance policy and to assign same as collateral security as a condition precedent to making the loan. The borrower paid the premiums for a number of years, and then canceled the policy, and had the cash surrender value credited to the loan. *Held:* The borrower may not recover the penalty for usury upon his contention that the amount the insurance company reserved upon the cancellation of the policy as its profit therefrom, and interest on the premiums paid, were amounts received by the insurance company as interest in excess of the six per cent interest charged on the note, since C. S., 6291, expressly authorizes insurance companies to require a borrower to take out and assign a life insurance policy as a condition precedent to making a loan.

APPEAL by plaintiff from *Alley, J.,* at March Term, 1936, of IREDELL. Affirmed.

This is an action to recover the statutory penalty for usury. C. S., 2306.

The action was begun in the Superior Court of Iredell County on 5 December, 1935.

The facts alleged in the complaint as constituting plaintiff's cause of action are as follows:

1. On 12 February, 1926, the plaintiff D. O. Cowan and his wife, Mary O. Cowan, residents of Iredell County, North Carolina, executed their note by which they promised to pay to the order of the defendant Security Life and Trust Company, at its home office in the city of Winston-Salem, N. C., on 12 February, 1936, the sum of $7,500, with interest from date on said sum at the rate of six per centum per annum, payable semiannually. The consideration for said note was the sum of $7,500, which was loaned by defendant to plaintiff, at the date of said note, at his request, and pursuant to his application to the defendant for said loan.

2. Simultaneously with the execution of said note, and for the purpose of securing the payment of the same, according to its terms, the plaintiff and his wife executed a deed of trust by which they conveyed to George A. Grimsley, trustee, certain lots of land situate in the city of Statesville, in Iredell County, North Carolina, together with the buildings located on said lots of land, all of which are fully described in said deed of trust. The property conveyed by said deed of trust at the date of its execution was reasonably worth the sum of $15,000, and was full and adequate security for the payment of said note. The deed of trust was duly recorded in the office of the register of deeds of Iredell County.

3. By the terms of said deed of trust, and in order to protect and maintain the security provided therein for said note, the plaintiff agreed to pay all taxes and assessments levied on said property, to keep the buildings located on said lots of land insured against loss by fire in the sum of $6,500, and to assign the policy or policies providing such insurance to the defendant. The payment by the plaintiff of said taxes and assessments and of the premiums for said insurance was secured by said deed of trust. These agreements have been fully performed by the plaintiff.

4. As a condition precedent to its making said loan, the defendant required the plaintiff to agree to apply for and to procure from the defendant a ten-year endowment policy of insurance on his life, for the face amount of $7,500, and to assign said policy when issued to the defendant as additional security for said loan. The defendant further required the plaintiff to agree that he would pay the premiums on said policy as the same became due, and that upon his failure to pay said premiums, in accordance with said agreement, the note should become

due and payable and the condition of said deed of trust should be broken, at the option of the defendant. The plaintiff applied for and procured said policy and, immediately upon its issuance, assigned the same to the defendant in accordance with his agreement with the defendant.

5. From the date of its issue, to wit: 12 February, 1926, to 17 October, 1934, the plaintiff paid to the defendant as premiums on said policy of life insurance the total sum of $4,990.47, and thereby kept the said policy of life insurance in full force and effect according to its terms and provisions.

6. On 22 May, 1935, the plaintiff surrendered said policy of life insurance, and the same was duly canceled by the defendant. Upon the surrender and cancellation of said policy of life insurance, the defendant, out of the amount then due the plaintiff under its terms and provisions, applied the sum of $4,402.50 as a payment on the principal and accrued interest on said note, and retained and reserved the balance, to wit: The sum of $587.97, as its profit on its contract with the plaintiff.

The premiums charged by the defendant and paid by the plaintiff for said policy of life insurance were the highest premiums charged by the defendant for any type or kind of policy issued by it. The cash surrender values of said policy from year to year were the highest provided in any type or kind of policy issued by the defendant. The sums paid by the plaintiff to the defendant, from time to time, as premiums on said policy were not applied by the defendant as payments on said note, nor did the defendant credit the plaintiff with interest on said sums. The interest on said sums from the dates of their respective payments to 22 May, 1935, amounts to the sum of $1,921.28, which sum has been retained and reserved by the defendant as profit upon its contract with the plaintiff.

7. The plaintiff paid to the defendant, on the principal of his note, on 22 May, 1935, out of the proceeds of the insurance policy on his life, which was surrendered and canceled at said date, the sum of $3,938.94; the balance of said principal, to wit: The sum of $3,561.06, was paid on 22 August, 1935.

The plaintiff has paid all the interest which accrued on his note from its date to its final payment, the amount of said interest paid during the two years next preceding the commencement of his action being $999.95.

It is alleged in paragraph 14 of the complaint "that the sum of $587.97, and the sum of $1,921.63, retained and reserved by the defendant on 22 May, 1935, were in truth and in fact compensation for the use of the money loaned to the plaintiff in addition to the legal rate of interest prescribed by law, and that the defendant at the time of making said loan intended to profit by the sale of said insurance policy in addition to the interest paid as herein alleged."

On these facts the plaintiff demands judgment that he recover of the defendant the sum of $7,017.30, the same being twice the amount charged, retained, and reserved by the defendant as interest in excess of the legal rate on the loan made by the defendant to the plaintiff.

The action was heard on defendant's demurrer *ore tenus* to the complaint, on the ground, among others, that by reason of the provisions of C. S., 6291, the facts stated therein are not sufficient to constitute a cause of action.

The demurrer was sustained. The plaintiff excepted and appealed to the Supreme Court, assigning as error the judgment in accordance with the ruling of the trial court on defendant's demurrer *ore tenus.*

*Raymer & Raymer and Dewey L. Raymer, Jr., for plaintiff.*

*Jack Joyner, Manly, Hendren & Womble, and I. E. Carlyle for defendant.*

CONNOR, J. The first contention of the plaintiff on his appeal to this Court is that C. S., 6291, which is chapter 8, Public Laws of North Carolina, 1915, as amended by chapter 61, Public Laws of North Carolina, 1917, is void, for that its enactment was in violation of section 7, Article I, of the Constitution of North Carolina, which is as follows:

"No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services."

If the effect of C. S., 6291, is to exempt insurance companies from the provisions of C. S., 2305, which provides that the legal rate of interest in this State shall be six per centum per annum, for such time. as interest may accrue, and no more, and also from the provisions of C. S., 2306, which prescribes penalties for usury, and thereby to authorize insurance companies to charge, retain, or receive interest on loans made by them in this State at a greater rate of interest than six per centum per annum, this contention must be sustained. See *Edgerton v. Hood, Comr.,* 205 N. C., 816, 172 S. E., 481; *Plott v. Ferguson,* 202 N. C., 446, 163 S. E., 688; *Motley v. Warehouse Co.,* 122 N. C., 347, 30 S. E., 3; *Rowland v. B. & L. Assn.,* 116 N. C., 877, 22 S. E., 8; *Meroney v. B. & L. Assn.,* 116 N. C., 882, 21 S. E., 924; and *Simonton v. Lanier,* 71 N. C., 503. In the last cited case it is said that if the provision in the charter of the Bank of Statesville, which was involved in that case, must be construed as authorizing the bank to charge, retain, or receive interest at a greater rate than six per centum per annum, as contended by the plaintiff, then such provision was void, for the reason that it was in violation of section 7, and also of section 31, of Article I of the Constitution of this State.

If C. S., 6291, is void, then the judgment in the instant case must be reversed on the authority of *Carter v. Insurance Co.,* 122 N. C., 338, 30 S. E., 341; *Miller v. Insurance Co.,* 118 N. C., 612, 24 S. E., 484; and *Roberts v. Insurance Co.,* 118 N. C., 429, 24 S. E., 780.

C. S., 6291, is as follows: "Where an insurance company, as a condition for a loan by such company, of money upon mortgage or other security, requires that the borrower insure either his life or that of another, or his property, or the title to his property, with the company, and assign or cause to be assigned to it a policy of insurance as security for the loan, and agree to pay premiums thereon during the continuance of the loan, whether the premium is paid annually, semiannually, quarterly, or monthly, such premium shall not be considered as interest on such loan, nor will any loan be rendered usurious by reason of any such requirements, when the rate of interest charged for the loan does not exceed the legal rate, and when the premium charged for the insurance does not exceed the premium charged to other persons for similar policies, who do not obtain loans."

Chapter 8, Public Laws of North Carolina, 1915, and chapter 61, Public Laws of North Carolina, 1917 (now C. S., 6291), were both enacted subsequent to the decisions of this Court in *Carter v. Insurance Co., supra; Miller v. Insurance Co., supra;* and *Roberts v. Insurance Co., supra.* Their enactment was manifestly in consequence of the decisions in those cases. The statutes do not purport to exempt, nor do they exempt insurance companies from the provisions of C. S., 2305, and C. S., 2306. An insurance company which charges, retains, or receives interest on a loan made by it in this State, to a policyholder or other person, at a rate in excess of six per centum per annum, is subject to the penalties prescribed by C. S., 2306, notwithstanding the provisions of C. S., 6291. The contention of the plaintiff that the provisions of this statute should be construed to the contrary, and are for that reason void, cannot be sustained.

The second contention of the plaintiff is that if C. S., 6291, is valid, its provisions are not applicable to the instant case, for the reason that the policy which the defendant required the plaintiff to procure from it, as a condition precedent to its making the loan to the plaintiff, and which the plaintiff did procure, is not a policy of insurance on the life of the plaintiff, but is an investment contract.

This contention cannot be sustained. It is true that the policy is described as a ten-year endowment policy, and matures at the expiration of ten years from its date, if the plaintiff shall be living at that time. It is, however, provided in the policy that if the plaintiff shall die during the ten-year period, and the policy shall be in force at the date of his death, the face amount of the policy shall be paid by the defendant to

the beneficiary named in the policy. The policy insures the life of the plaintiff within the meaning of C. S., 6291. 37 C. J., 362. The statute is applicable to the instant case, and by reason of its provisions the plaintiff cannot recover in this action. See *Sledd v. Pilot Life Insurance Co.* (Ga.), 183 S. E., 199, and *Heaberlin v. Jefferson Standard Life Insurance Co.* (W. Va.), 171 S. E., 419.

There is no error in the judgment in the instant case. It is

Affirmed.