The action was commenced 8 July, 1896. The plaintiff is the widow of George Brown. They were married in August, 1854. In September, 1854, he bought from A. Best the land located in Duplin County and described in the complaint, and took a fee-simple deed for it, with *Page 212 
warranty, proved and registered in January, 1855. He built a dwelling-house on the land, cleared a few acres around the house, and the plaintiff and her husband lived in the house for more than a year; then she and her husband went to Wilmington, and he went on south and died intestate previous to 1861, leaving no children. Plaintiff remained in Wilmington but a few days, and returned to Duplin County. The defendant took possession shortly after her return, and has been there ever since.
The defendant offered no evidence. At the close of plaintiff's evidence he moved for judgment of nonsuit, which was allowed. Plaintiff excepted and appealed.
This is a proceeding for dower, and defendant denies plaintiff's right, alleges title in himself, and pleads adverse possession, lapse of time, statute of limitations, and release. Upon the trial, the plaintiff showed that she was married to George Brown in 1854; a deed to him, dated in September, 1854, conveying the land in controversy to him in fee simple; that he entered upon said land and built a house and cleared and cultivated a part of the land, and that she and her said husband lived on it for more than a year, when they left the land, and her husband left the State and died in 1860 or 1861; that soon after plaintiff and her husband left the land, the defendant entered and has lived there ever since, clearing, cultivating and using the land as his own. The defendant offered no deed or other written evidence of title, but relied on his long-continued possession, which, he contends, gives him a title in fee simple to the land.
When the plaintiff showed her marriage, a deed in fee simple to her husband, and his death, this gave her prima facie a right to dower. And she contends that defendant has shown nothing that rebuts this presumption or prima facie right to dower; that he has shown nothing but his long-continued possession, and this is no bar to her right to dower; that the lapse of time and the statute of limitations does (294) not run against a right of dower, citing Spencer v. Watson, 18 N.C. 213, and Campbell v. Murphy, 55 N.C. 357. This doctrine is announced in these cases, and is a correct application of the law to them, but, as we think, it would not be to this case. In those cases the defendants claimed title under the husband. In this case the defendant does not claim under the husband, but adverse to his title.
Where the defendants claim under the husband (as heirs or assignees) they cannot dispute the title of the husband, as they claim under him. *Page 213 
And while the widow does not claim dower under the husband, she claims it under the same title that the heirs and assignees claim, by force and operation of the law of dower. Upon her marriage she acquired an inchoate right of dower, which the husband could not destroy or defeat. Upon the death of the husband, this inchoate right becomes a right consummate, but she has no estate until dower is assigned, and when this is done she acquires no new estate, but only the possession and enjoyment of the inchoate right she acquired by reason of her marriage ripened into an estate. Her dower right and her dower when assigned are a prolongation of her husband's estate in her for the term of her life. Norwood v.Morrow, 20 N.C. 448. The estate descends to the heir, subject to this incumbrance, and as he takes it subject to this incumbrance, he cannot hold or claim the estate adversely thereto; and as he cannot hold adversely to the right of dower when he holds and claims the estate under the same title that she claims dower, the statute does not run. It is the same as a grant in fee simple, reserving a life estate; and as the grantee holds his estate under the grantor, he cannot claim to hold adversely to the estate reserved, and the statute of limitations does not run.McCormick v. Monroe, 46 N.C. 13. But this doctrine does not obtain in this case, where the defendant does not claim under the husband as heir or assignee, but claims to hold adversely to the husband of the plaintiff, and by paramount title. (295)
We see no reason why he may not do this. And while this is not directly held in Norwood v. Morrow, supra, on page 449, it seems to be conceded.
If the defendant had a deed conveying a title paramount to that of the husband of the plaintiff, it is admitted that this would defeat her right of dower. So, if he had shown a deed from a stranger, and an adverse possession thereunder since he went into possession, it would have ripened into a perfect title as against the husband if he were living. And so would a continued adverse possession, without color of title, from 1857 or 1858 until the commencement of this action in 1896, have ripened into a perfect title as against the husband. And there being no reason that we see why the lapse of time and the statute of limitation should not count against the husband (the defendant not holding under him) and the plaintiff's right to dower, being a continuation of the husband's estate, we see no reason why she is not also barred.
It is true, the husband by his own acts could not defeat her right of dower, as already stated. But she cannot be entitled to dower unless her husband was the owner of the land, and the theory of the defense is that, "though he had a deed, he was never the owner of the land"; and as the defendant has shown title in himself, it must be held to be paramount to that of the husband. *Page 214 
It was said on the argument that while the case showed that the defendant had been in possession all this time, cutting, clearing and cultivating the land as his own, it was not shown that he held adversely. This, it seems to us, is the very strongest evidence that he was holding it adversely. But the fact that he was in the sole possession and enjoyment of the land is sufficient in law to constitute adverse (296) possession. Alexander v. Gibbons, 118 N.C. 796. The judgment must be
AFFIRMED.