ATLANTIC COAST LINE RAILROAD COMPANY AND LOUIS-
VILLE AND NASHVILLE RAILROAD COMPANY, TRADING AND
OPERATING UNDER THE NAME "GEORGIA RAILROAD," v. F. F.
SPENCER AND FAIRFIELD AND ELIZABETH CITY TRANS-
PORTATION COMPANY.

(Filed 23 September, 1914.)

1. **Corporations, Domestic—Charter—Questions of Law.**
     Whether a corporation operating here is a North Carolina cor-
     poration or not is a matter of law depending upon the provisions
     of its charter. *Staton v. R. R.,* 144 N. C., 145, cited and applied.

2. **Removal of Causes—Corporations, Domestic—Cause of Action—
     Venue—Wrong County—Motion to Transfer.**
     A corporation of this State should bring its action in the
     county wherein it has its principal place of business, and not in
     the county wherein the defendant resides; and where this has
     not been done, the defendant's remedy is by motion to remove
     the cause to the proper county.

3. **Appeal and Error—Transfer of Causes—Principles of Law.**
     The action of the trial judge in transferring a cause of action
     to another county will be reviewed on appeal when such action
     is based solely on a proposition of law.

APPEAL by plaintiff from order of *Ferguson, J.,* 15 April,
1914; from GATES.

*J. Kenyon Wilson for plaintiff.*
*Ward & Thompson for defendants.*

CLARK, C. J. The defendants moved to remove this action to
Hyde County for improper venue, upon the ground that the
Atlantic Coast Line Railroad Company was a foreign corpora-
tion, and that the defendant Spencer is a resident of Hyde
County and the defendant transportation company is a domestic
corporation having its principal place of business in said county.
The cause was removed, not as a matter of discretion, or be-
cause of the convenience of witnesses, but on the ground that it
was improperly brought in the county of Gates, the Atlantic
Coast Line Railroad Company being held a foreign corporation.
    The motion was erroneously allowed. Whether an individual

is a resident of this State or not depends upon evidence, and is a question of fact to be passed upon by the Federal court. But whether a corporation is a North Carolina corporation or not is a matter of law depending upon its charter.

The question of law whether the Atlantic Coast Line Railroad Company is a North Carolina corporation was decided in this Court in a very able and conclusive opinion by *Connor, J.,* now the accomplished judge of the United States District Court for the Eastern District of North Carolina, in an exhaustive opinion in *Staton v. R. R.,* 144 N. C., pp. 145-154, to which we feel unable to add anything. That opinion is based upon Federal authorities therein cited. It has been cited as authority, *Hough v. R. R.,* 144 N. C., 701; *Hurst v. R. R.,* 162 N. C., 371, 372; and has been reaffirmed in *Cox v. R. R., post.*

If, as suggested, the principal place of business of the Atlantic Coast Line Railroad Company is in New Hanover, the action should have been brought in that county. Rev., 422. But Rev., 425, provides that if an action is not brought "in the proper county, it may, notwithstanding, be tried there, unless the defendant before the time of answering expires demand in writing that the trial be had in the proper county." The defendant did not demand that the action be removed to New Hanover, and it was error to remove it to the county of Hyde, on the ground assigned in the motion and order of removal.

Reversed.