JANICE MIZELL by W. J. MIZELL, Next Friend, v. ATLANTIC COAST LINE RAILROAD COMPANY and DIRECTOR GENERAL OF RAILROADS.

(Filed 2 March, 1921.)

1. **Removal of Causes—Petition—Verification—Principal and Agent.**

   *Semble*, an attorney with authority to sign bonds and other instruments required in courts and other legal proceedings, without further authority to verify pleadings in behalf of his principal, is insufficient to confer authority upon the agent to verify the petition in behalf of the principal to remove a cause to the Federal courts.

2. **Removal of Causes—Diversity of Citizenship—Domestic Corporations—Railroads.**

   The Atlantic Coast Line Railroad Company is, under the provisions of its charter, a North Carolina corporation, and may not, therefore, remove a cause against it to the Federal court under a petition averring that it is a nonresident of this State, under the Federal Removal Act for

diversity of citizenship. *Cox v. A. C. L. R. R. Co.*, 166 N. C., 652, cited and applied.

3. **Removal of Causes—Railroads—Director General—Parties—Right to Remove—Domestic Corporations.**

Under the Federal act placing the railroads under the Director General of Railroads as a war measure, both the railroad and the Director General, for the purpose of removal of a cause from the State to the Federal court, are one and the same, and properly joined as parties defendant, and the right to remove does not exist where the railroad, seeking it, is not a foreign corporation.

4. **Removal of Causes—Vested Rights—Constitutional Law—Railroads—War.**

Where an injury, the basis of an action for damages against a railroad company, occurred before the railroads were discharged from Federal control, the right of action vested at that time and is "property" within the meaning of the Constitution, which the statute returning the railroads to private ownership cannot defeat or modify.

5. **Removal of Causes—Railroads—War—Federal Statutes—Constitutional Law.**

Neither a domestic railroad company nor the Director General of Railroads has the right to remove an action brought in the State court for damages for a personal injury, to the Federal courts, under the Constitution and statutes of the United States, on the ground of diversity of citizenship. Such right is not given, but to the contrary, is prohibited, in the transportation act of Congress, approved 21 March, 1918, nor can it be inferred from the fact that the act of Congress of 1920, restoring the railroads to private control, is silent as to the removal of causes.

APPEAL by defendants from *Lyon, J.,* at November Term, 1920, of BERTIE.

This is an action to recover damages for personal injuries sustained by the plaintiff, while a passenger, in alighting from the passenger coach. The injury occurred and the cause of action arose 19 December, 1919, during Federal control. The action was begun 28 September, 1920, after the termination of Federal control. The complaint was filed 5 October, before the return date of the summons, and on 23 October, 1920, the defendants filed their petition for removal to the Federal Court, together with their answer. The cause was transferred by the clerk to the Superior Court docket, and at the first term the motion to remove to the Federal Court was denied. Both defendants joined in the motion to remove—John Barton Payne having been substituted for Walker D. Hines as Director General. From the refusal of the petition for removal both defendants appealed.

*Winston & Matthews for plaintiff.*
*P. A. Willcox, Gillam & Davenport, and A. L. Hardee for defendants.*

MIZZELL *v.* R. R.

CLARK, C. J.   The plaintiff, a student in Greenville, N. C., purchased a ticket to Aulander, in Bertie County, N. C.   As she was leaving the train at the latter point the injury occurred, as the complaint avers, for the want of a footstool or any assistance to alight, the distance between the lower step and the ground being about 30 inches.

The petition for removal to the Federal Court avers that the Atlantic Coast Line is a foreign corporation, and a nonresident in the State of North Carolina.   It also alleges that Director General Hines resides in New York, and John Barton Payne, who was substituted as a defendant, is a citizen of Illinois, and both are nonresidents of this State.   The defendants appealed from the refusal to remove, which is the only matter presented for review.

The petition to remove is verified by P. A. Willcox, as attorney in fact for the Atlantic Coast Line, but the power of attorney under which he acted empowers him only to "sign bonds and other instruments" required in courts and other legal proceedings.   It gives him no authority to verify pleadings, and it would seem the petition is insufficiently verified.   We need not discuss the allegation that the Atlantic Coast Line is a nonresident.   In *Cox v. R. R.,* 166 N. C., 652, this point was fully considered and it was held that the Atlantic Coast Line Railroad Company was not entitled to a removal of its cause from the State court to the United States Court on the ground of being a nonresident corporation, and that under the provision of its charter on this question of removal it is a domestic corporation.   This case has been reaffirmed in *Brown v. Jackson,* 179 N. C., 365 and 375.   It was also so held in *Staton v. R. R.,* 144 N. C., 145, and *Spencer v. R. R.,* 166 N. C., 522.

As to the Director General, the right to remove is also expressly denied in *Hill v. R. R. and Director General,* 178 N. C., 607, and we have divers cases since affirming the holding in that case that the Director General and the corporation for the purpose of an action of this kind are one and the same, and both are properly joined as parties.   Indeed, in this present case we find Mr. Willcox verifying the pleadings for the Director General under the alleged authority of the corporation as its attorney in fact.

The statute creating the position of Director General expressly denies the right of removal except in cases where the right of removal was vested in the corporation prior to the passage of the act.   As the Atlantic Coast Line had no such right, the Director General was not entitled to it.

The defendants contend, however, that they have a right to remove upon the ground that the cause of action is one "arising under the Constitution and laws of the United States."   This is incidentally mentioned in the petition, but it seems was not argued below.

The injury occurred and the cause of action arose 19 December, 1919, before the railroads were discharged from Federal control.   Action could

have been instituted that day. A vested right of action is property. The statute may change the remedies, but cannot defeat or modify a right of action that has already accrued. *Williams v. R. R.,* 153 N. C., 360, and this cause of action arose at the very moment the injury occurred. *Hocutt v. Wilmington,* 124 N. C., 214.

On 19 December, 1919, when this cause of action accrued, the railroad company was under the operation of the Transportation Act, approved 21 March, 1918. But that act did not create or confer this cause of action, nor did it arise under or by virtue of that statute. Both North Carolina and Virginia had prior thereto adopted "Lord Campbell's Act." The plaintiff's cause of action did not arise out of the Federal statute, which, moreover, denies the right of removal of actions against railroad companies except in cases where the right to remove existed prior to that statute, 40 United States Statutes at Large, Part I, p. 457. Prior to that act the Atlantic Coast Line could not have removed this cause to the Federal Court, *Hill v. R. R.,* 178 N. C., 607, because no Federal right or immunity was involved, nor diverse citizenship, and the action could not have arisen under the Constitution and laws of the United States.

The plaintiff's cause of action accrued prior to the act of 20 February, 1920, effective 1 March, 1920. Besides, that act is silent as to the removal of causes, while under the act of 21 March, 1918, above mentioned, the carrier, and of course the Director General, could not remove any action that had been brought, or might thereafter be instituted, by or against it, and this action has been begun since that date. Congress did not undertake, after Federal control had ceased, to regulate causes that had accrued during such control.

The refusal to dismiss the action as to the defendant company because John Barton Payne, Director General, is a party defendant is not before the Court, as he did not except on that ground, but that proposition has been discussed and denied at this term, citing our decisions, in *Parker v. R. R. and Director General, post,* 95. The question before us is one of removal pure and simple. Besides, John Barton Payne has filed an answer in this case on the merits, reserving only his rights under the motion to remove.

The act of 21 March, 1918, provides: "Such actions, suits, and proceedings may, when within the period of limitations now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control would have jurisdiction of the cause of action had it arisen against this carrier." This explicit authority recognizing the jurisdiction of the State courts is exclusive.

The question does not arise whether a corporation chartered by an act of Congress would have the right of removal, for the defendant, the At-

lantic Coast Line Railroad Company was not made a Federal corporation by the statute appointing a manager for domestic railroad companies as a war expedient. National banks are creatures of National legislation, and a receivership of a National bank occupies the same status, but that is a different proposition from the appointment of the Director General over State corporations as to which the Director General has the same status as regards removal as the corporation itself would occupy. The brief of the defendants admits that the Federal Control Act contains an apparent prohibition against the removal. All the cases cited by defendants, in which removals were allowed on the ground of "a right arising under the Constitution and laws of the United States," are where the corporation was created under a Federal charter, which is not the case with the Atlantic Coast Line Railroad Company.

The defendants claim, also, that as the first act establishing Federal control contained a prohibition against removal, and the second act repealing Federal control does not, that therefore the right to removal exists. This is a *non sequitur,* and there is even a very strong implication against it in the latter act, when it says, as above cited, that "such actions, suits, or proceedings may not later than two years from passage of this act be brought in any court which but for Federal control would have jurisdiction of the cause of action." The Superior Courts of this State had jurisdiction of this action at the time it accrued, and removal to the Federal Court was at that time prohibited, and there is no statute since that has authorized it. The mere failure to again prohibit removal in the act abolishing Federal control cannot possibly have such effect.

The petition to remove was properly denied.

Affirmed.