CHARLES HENRY BOLICK v. AMERICAN BARMAG CORPORATION

No 175A81

(Filed 13 July 1982)

1. **Limitation of Actions § 4.1; Sales § 22— products liability claim—six-year statute of repose—condition precedent**

   For products liability claims to which the six-year statute of repose of G.S. 1-50(6) applies, the plaintiff must prove the condition precedent that the cause of action was brought no "more than six years after the date of initial purchase [of the product] for use or consumption" and must also meet the time limitation of the applicable procedural statute of limitations.

2. **Limitation of Actions § 4.1; Sales § 22; Statutes § 8.1— products liability—six-year statute of repose—no retrospective application**

   Because it is a substantive change in the conditions precedent to a cause of action, the legislature did not intend that G.S. 1-50(6) be retrospectively applied to causes of action that had accrued before its effective date of 1 October 1979. Therefore, the statute was inapplicable to plaintiff's cause of action which accrued at the time he was injured on 3 June 1977, and plaintiff has no standing to challenge the constitutionality of the statute on its face.

*JUDGE Arthur Lee Lane* granted defendant's motion for summary judgment at the 14 July 1980 Session of CATAWBA Superior Court. The Court of Appeals, with a divided panel, reversed the trial court.[1] Defendant appeals pursuant to G.S. 7A-30(2).

*Tate, Young, Morphis, Bogle & Bach by Thomas C. Morphis; and Edwin G. Farthing for plaintiff appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins III for defendant appellant.*

*Bailey, Dixon, Wooten, McDonald & Fountain by J. Ruffin Bailey and Gary S. Parsons, for American Insurance Association, amicus curiae.*

*Jones, Hewson & Woolard by Hunter M. Jones and Harry C. Hewson, amicus curiae.*

*Harris and Bumgardner by Seth H. Langson, for North Carolina Academy of Trial Lawyers, amicus curiae.*

---

1. 54 N.C. App. 589, 284 S.E. 2d 188 (1981).

*Smith, Moore, Smith, Schell & Hunter by Girard H. Davidson, Jr. and Alan William Duncan; and Perry C. Henson, for North Carolina Association of Defense Attorneys, amicus curiae.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr. and Wayne Huckel, for The Motor Vehicle Manufacturers Association of the United States, Inc., amicus curiae.*

*Mark J. Nuzzaco for National Machine Tool Builders' Association, amicus curiae.*

EXUM, Justice.

Plaintiff filed complaint on 10 October 1979 seeking damages for injuries sustained when his hand was caught in the gears of a yarn crimping machine owned by his employer, Mill Yarns, Inc. of Hickory. This Barmag False-Twist Crimping machine was purchased from defendant on 6 April 1971, and plaintiff was injured on 3 June 1977. Plaintiff alleged that defendant had negligently designed, manufactured and installed the machine and had breached warranties of merchantability and fitness.

Defendant responded with a motion to dismiss and for summary judgment under Rules 12(b)(6) and 56 of the North Carolina Rules of Civil Procedure. Defendant confirmed in its motion and supporting affidavit that it had sold plaintiff's employer the machine on 6 April 1971, and that plaintiff had been injured by it. Defendant argued in its motion that plaintiff's action was barred by G.S. 1-50(6). General Statute 1-50(6) was one section of the Products Liability Act which became effective on 1 October 1979, although it was not to affect litigation pending on that date. Products Liability Act, ch. 654, §§ 2, 7, 8, 1979 N.C. Sess. Laws 687, 689, 690. The trial court granted the motion and dismissed plaintiff's complaint with prejudice. The Court of Appeals reversed, holding that G.S. 1-50(6) is unconstitutional on its face.

This appeal presents two questions. First, whether G.S. 1-50(6) is applicable to plaintiff's action. Second, if it is not applicable to his action, whether plaintiff has standing to challenge its constitutionality. We hold that the statute is not applicable to plaintiff's action; thus he has no standing to attack its constitutionality.

General Statute 1-50(6) provides:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

This statute is similar to many others enacted throughout the nation to set an outside limit for bringing products liability actions for personal injury.[2] Statutes such as G.S. 1-50(6) have been denominated "statutes of repose" by commentators and practitioners because "they set a fixed limit after the time of the product's manufacture, sale or delivery beyond which the product seller will not be held liable." McNeill Smith, "Statutes of Limitations and Statutes of Repose," Paper Presented at the American Bar Assoc. Section of Litigation 30 (August 4, 1980) (unpublished manuscript). *See also* Restatement (Second) of Torts § 899, comment g (1979). Although the term "statute of repose" has traditionally been used to encompass statutes of limitation,[3] in recent years it has been used to distinguish ordinary statutes of limitation from those that begin "to run at a time unrelated to the traditional accrual of the cause of action." McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am. U. L. Rev. 579, 584 (1981). Such statutes are intended to be "a substantive definition of rights as distinguished

---

2. *See, e.g.*, Ala. Code § 6-5-502 (Cum. Supp. 1981); Conn. Gen. Stat. Ann. § 52-577a (West Cum. Supp. 1981); Ga. Code Ann. § 105-106(b)(2) (Cum. Supp. 1981); Ill. Ann. Stat. ch. 83, ¶22.2(b) (Smith-Hurd Supp. 1966-1980); Ky. Rev. Stat. Ann. § 411.310(1) (Baldwin 1981) (creates rebuttable presumption product not defective if injury occurred more than 5 years after sale to first consumer or 8 years after manufacture); Or. Rev. Stat. § 30.905(1) (1981); Tenn. Code Ann. § 29-28-103 (1980); Utah Code Ann. § 78-15-3 (1977). *See* Stevenson, *Products Liability and the Virginia Statute of Limitations—A Call for the Legislative Rescue Squad*, 16 U. Rich. L. Rev. 323, 333 n. 32 (1982), for additional statutes and particular time limitations.

3. Ordinary statutes of limitation have been labeled statutes of repose in previous cases. For example, in *Shearin v. Lloyd*, 246 N.C. 363, 370, 98 S.E. 2d 508, 514 (1957), a statute of limitation was defined in this manner: "The statute of limitations begins to run from the time the cause of action accrues. . . . Statutes of limitation are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all." *See also Brown v. Morisey*, 124 N.C. 292, 296, 32 S.E. 687, 689 (1899) (Clark, J., concurring).

from a procedural limitation on the remedy used to enforce rights." Stevenson, *Products Liability and the Virginia Statute of Limitations—A Call for the Legislative Rescue Squad,* 16 U. Rich. L. Rev. 323, 334 n. 38 (1982).

Our Court of Appeals recognized the substantive aspect of a statute similar to G.S. 1-50(6) in *Smith v. American Radiator & Standard Sanitary Corp.,* 38 N.C. App. 457, 248 S.E. 2d 462 (1978), *disc. rev. denied,* 296 N.C. 586, 254 S.E. 2d 33 (1979). The statute at issue was G.S. 1-50(5), which stated at that time: "No action to recover damages for an injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought . . . more than six (6) years after the performance or furnishing of such services and construction." *Id.* at 460, 248 S.E. 2d at 464-65. Judge Parker, writing for the court, analyzed the statute in this manner:

> Statutes similar to, and in many cases identical with, our statute G.S. 1-50(5) have been adopted in a large number of jurisdictions. *See,* Comment, *Limitation of Action Statutes for Architects and Builders—Blueprint for Non-action,* 18 Cath. U. L. Rev. 361 (1969). Because of their unique manner of limiting actions, these statutes have been referred to as 'hybrid' statutes of limitations, having potentially both a substantive and a procedural effect. On the one hand, the date of injury is not a factor used in computing the running of the time limitation. The statute thus acquires its substantive quality by barring a right of action even before injury has occurred if the injury occurs subsequent to the prescribed time period. On the other hand, the statute's operation is similar to that of an ordinary statute of limitations as to events occurring before the expiration of the prescribed time period. Whether in such case the statute is to be interpreted as replacing entirely the statute of limitation which would otherwise be applicable or is to be interpreted as operating in conjunction with such other statute, is the principal question presented by this appeal. Courts of other States which have confronted this problem have held that the two statutes should be interpreted as operating in conjunction with each other.

. . . .

Following the interpretation placed upon the statute by the Supreme Courts of New Jersey and Virginia, we hold that G.S. 1-50(5) is to be interpreted in conjunction with G.S. 1-52(5) [a three-year statute of limitations for personal injuries running from the time the action accrued] so that both statutes may be given effect. So interpreted, G.S. 1-50(5) provides an outside limit of six years 'after the performance or furnishing of such services and construction' of improvements to real property for the bringing of an action coming within the terms of that statute. Within that outside limit, G.S. 1-52(5) continues to operate and G.S. 1-50(5) does not serve to extend the time for bringing an action otherwise barred by the three year statute. In the present case, plaintiff's action against the appellant, Industrial Maintenance and Mechanical Service, Inc., was commenced more than three years after his action accrued, and the action as against this defendant is barred by G.S. 1-52(5).

*Id.* at 461-64, 248 S.E. 2d at 465-67.

Both plaintiff and defendant cite this language in *Smith* and argue its applicability to the statute at issue here. Thus, both parties recognize the substantive nature of the statute. We believe the Court of Appeals in *Smith,* as well as the parties and the Court of Appeals in the instant case,[4] are correct in assessing statutes such as these, running from a time other than the accrual of the action, to be substantive, rather than procedural, limitations on a personal injury action.

This view is consistent with this Court's interpretation of similar statutes in the past. Generally, a statute of limitations has been recognized as a procedural bar to a plaintiff's action, which "does not begin to run until after the cause of action has accrued and the plaintiff has a right to maintain a suit." *Raftery v. W. C.*

---

4. The Court of Appeals in the instant case, 54 N.C. App. at 594-95, 284 S.E. 2d at 192, stated:

Because G.S. 1-50(6) attempts to bar absolutely claims arising out of defects or failures in relation to products after a period measured from a date *other than* the date of accrual of those claims, it does not constitute a statute of limitation. Rather, it would, as a matter of substantive law, abolish certain claims recognized prior to its enactment. [Emphasis original.]

*Vick Construction Co.*, 291 N.C. 180, 193, 230 S.E. 2d 405, 412 (1976) (Branch, J., concurring). It also has been long recognized that certain time limitations may operate, not as procedural bars after an action has accrued, but as conditions precedent to the action itself. For example, in *Taylor v. Cranberry Iron and Coal Co.*, 94 N.C. 525, 526 (1886), the Court construed the applicable wrongful death statute containing the requirement that an action for damages "be brought within *one year after* such death," to establish a condition precedent to the maintenance of the action. (Emphasis original.) *See also Graves v. Welborn*, 260 N.C. 688, 691, 133 S.E. 2d 761, 764 (1963). The same construction was applied to a Workmen's Compensation statute in *McCrater v. Stone & Webster Engineering Corp.*, 248 N.C. 707, 104 S.E. 2d 858 (1958). The Court there quoted from 34 Am. Jur., *Limitation of Actions*, § 7 (1941), in distinguishing between time limitations that are procedural and those that are substantive:

> 'A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.'

248 N.C. at 709, 104 S.E. 2d at 860. The rule that a statute creating a right of action may set a time limitation as a condition of that action also was applied to our old usury statute. *See Roberts v. Life Insurance Co. of Virginia*, 118 N.C. 429, 435, 24 S.E. 780, 781 (1896).

The legislature may require a particular time limitation as a condition precedent to the accrual of the action, even if it does not do so in the same statute which creates the liability. "[T]he fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same

conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." *Davis v. Mills*, 194 U.S. 451, 454 (1904). *See also Herm v. Stafford*, 663 F. 2d 669, 681 n. 17 (6th Cir. 1981). Because the establishment of a time limitation as a condition precedent to a cause of action generally has been a legislatively-imposed requirement, this Court stated that: "It is for the Legislature, not for this Court, to impose, as a condition precedent to liability for personal injury, that the injury must occur within a specified time after the wrongdoing which is alleged to have been the proximate cause." *Raftery v. W. C. Vick Construction Corp., supra,* 291 N.C. at 190-91, 230 S.E. 2d at 411. That the legislature has the authority to establish a condition precedent to what originally was a common law cause of action is beyond question. "[T]he General Assembly is the policy-making agency of our government, and when it elects to legislate in respect to the subject matter of any common law rule, the statute supplants the common law rule and becomes the public policy of the State in respect to that particular matter." *McMichael v. Proctor*, 243 N.C. 479, 483, 91 S.E. 2d 231, 234 (1956). We believe the legislature has created just such a condition precedent in G.S. 1-50(6).

[1] For injuries to which G.S. 1-50(6) is applicable, therefore, the plaintiff must prove the condition precedent that the cause of action is brought no "more than six years after the date of initial purchase [of the product] for use or consumption." A plaintiff must also meet the time limitation of the applicable procedural statute of limitations. Other states have similarly construed statutes of repose to be substantive provisions and not merely procedural modifications of a remedy. *See, e.g., Kline v. J. I. Case Co.*, 520 F. Supp. 564 (N.D. Ill. 1981) (products liability statute); *Burmaster v. Gravity Drainage Dist. No. 2*, 366 So. 2d 1381, 1387-88 (La. 1978) (improvement to immovable property statute); *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199, 293 A. 2d 662, 667 (1972) (improvement to real property statute). *But see Regents of the University of California v. Hartford Acc. & Indem. Co.*, 147 Cal. Rptr. 486, 495-96, 581 P. 2d 197, 206-07 (1978) (improvement to real property statute of repose viewed as procedural bar and not substantive one).

[2]   Because it is a substantive change in the conditions prece-
dent to a cause of action, we conclude that the legislature did not
intend that G.S. 1-50(6) be retrospectively applied to causes of ac-
tion that had accrued before its effective date of 1 October 1979.
An accrued cause of action is a property interest. *Mizell v. Atlan-
tic Coast Line R.R. Co.*, 181 N.C. 36, 106 S.E. 133 (1921); 16 C.J.S.
*Const. Law* § 254 (1956). When a statute would have the effect of
destroying a vested right if it were applied retroactively, it will
be viewed as operating prospectively only. *Smith v. Mercer*, 276
N.C. 329, 172 S.E. 2d 489 (1970). "A statute is not rendered un-
constitutionally retroactive merely because it operates on facts
which were in existence prior to its enactment. The proper ques-
tion for consideration is whether the act as applied will interfere
with rights which had vested or liabilities which had accrued at
the time it took effect." *Booker v. Duke Medical Center*, 297 N.C.
458, 467, 256 S.E. 2d 189, 195 (1979). *See also Wood v. J. P.
Stevens Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979); *Lester Bros.,
Inc. v. Pope Realty and Ins. Co.*, 250 N.C. 565, 109 S.E. 2d 263
(1959); *Bank of Pinehurst v. Derby*, 218 N.C. 653, 12 S.E. 2d 260
(1940).

Applying this test to the instant case, we note that under
*Raftery v. W. C. Vick Construction Co.*, *supra*, 291 N.C. at 189,
230 S.E. 2d at 409, plaintiff's cause of action accrued at the time
he was injured—3 June 1977. Under the applicable statutes of
limitations, G.S. 1-52(1)[5] and (5), he had three years from this date
within which to bring his action for personal injuries. Thus,
although he had not filed his claim by the effective date of G.S.
1-50(6), 1 October 1979, his claim was still viable. If we assume,
*arguendo*, that G.S. 1-50(6) is constitutional on its face it would, if
applied retroactively to plaintiff's claim, destroy plaintiff's cause
of action which had vested before its effective date. We conclude,
therefore, that G.S. 1-50(6) is not applicable to plaintiff's action.[6]

---

5. See *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982), for the proposi-
tion that G.S. 25-2-725(1), the Uniform Commercial Code statute of limitations for
actions on sales contracts, does not apply to *personal injury* actions based on
breach of express or implied warranties. *Bernick* holds that the applicable pro-
cedural statute of limitations is the three-year period for contract actions found in
G.S. 1-52(1).

6. This is consistent with the approach taken in other jurisdictions. *See, e.g.,
Kline v. J. I. Case Co.*, *supra*, 520 F. Supp. at 566 (Ill. Rev. Stat. ch. 83, § 22.2(g)

Because G.S. 1-50(6) is not applicable to plaintiff, he has no standing to challenge its constitutionality on its face. A person who is not personally injured by a legislative action may not attack its constitutional validity. *Nicholson v. State Education Assistance Authority*, 275 N.C. 439, 447, 168 S.E. 2d 401, 406 (1969); *City of Greensboro v. Wall*, 247 N.C. 516, 519-522, 101 S.E. 2d 413, 416-417 (1958). Therefore, we do not reach the issue decided by the Court of Appeals, *i.e.*, the constitutionality of G.S. 1-50(6).

For the reasons stated herein, the decision of the Court of Appeals is

Modified and affirmed.

made applicable to causes of action accruing *after* effective date of products liability statute); *Hunter v. School Dist. of Gale-Ettrick-Trempealeau*, 97 Wis. 2d 435, 293 N.W. 2d 515 (1980).