865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty S. GRAYSON, Plaintiff-Appellant,
v.
BOULIGNY COMPANY, Defendant-Appellee.
 No. 87-3763.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1988.
Decided: Dec. 5, 1988.
 
 Thomas English McCutchen, III (Whaley, McCutchen, Blanton & Rhodes, on brief), for appellant.
 C. Ralph Kinsey, Jr. (Richard L. Farley, Underwood, Kinsey & Warren, P.A., on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Betty S. Grayson filed suit against the Bouligny Company alleging that she was injured by equipment manufactured by Bouligny and sold to her employer. The district court granted Bouligny's motion for summary judgment, holding that Grayson's claims were barred by the North Carolina Statute of Repose. We affirm.
 
 I.
 
 2
 Grayson, a South Carolina resident, was employed as a machine operator in Charlotte, North Carolina, by Armstrong World Industries, Incorporated. On June 18, 1982, she was injured in North Carolina while operating a device known as the Bouligny Left Hand Nine Roll Extruder. The machine was sold and delivered by Bouligny to Grayson's employer on June 5, 1975; installation was complete by June 10, 1975. On April 22, 1986, Grayson filed this diversity action in the United States District Court for the District of South Carolina against Bouligny, a North Carolina corporation. She alleged, inter alia, strict liability in tort, breach of express and implied warranties, and negligence in the design, manufacture, and marketing of the Bouligny Extruder.
 
 
 3
 Bouligny subsequently moved for a change of venue pursuant to 28 U.S.C. Sec. 1404(a). On February 3, 1987, the district court granted Bouligny's motion and transferred the case to the United States District Court for the Western District of North Carolina. On June 8, 1987, Bouligny moved for summary judgment. The district court granted Bouligny's motion on September 11, 1987, holding that Grayson's claims were barred by the North Carolina Statute of Repose. Grayson appeals both the change of venue and the grant of summary judgment.
 
 II.
 
 4
 Appellant contends that the courts of South Carolina would not apply the North Carolina Statute of Repose and that Bouligny's motion for summary judgment should therefore have been denied. We disagree.
 
 
 5
 When a federal diversity action is transferred pursuant to 28 U.S.C. Sec. 1404(a), the transferee court must apply the substantive law of the state in which the transferor court sits.* Van Dusen v. Barrack, 376 U.S. 612, 639 (1964); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). The transferee court in North Carolina therefore was required to apply the substantive law of South Carolina, including South Carolina choice-of-law principles. Linnell v. Sloan, 636 F.2d 65, 66 (4th Cir.1980).
 
 
 6
 In tort actions, South Carolina adheres to the traditional choice-of-law rule that the substantive rights and obligations of the parties are governed by the law of the state where the alleged tort occurred, i.e., the lex loci delicti. McDaniel v. McDaniel, 243 S.C. 286, 133 S.E.2d 809 (1963). In addition, South Carolina courts will respect the statute of limitations in the state in which the alleged tort occurred if the limitation period is recognized by the law of that state as a substantive requirement of the cause of action. Hughes v. Doe, 281 S.C. 488, 316 S.E.2d 383, 384-85 (1984). The North Carolina Supreme Court has held that the Statute of Repose is a substantive rule of law in a North Carolina products liability action. Bolick v. American Barmag Corp., 306 N.C. 364, 293 S.E.2d 415 (1982). The courts of South Carolina therefore would apply the North Carolina limitation period in the instant case.
 
 
 7
 When applied to the facts of this case, it is clear that the six year limitation period in the North Carolina Statute of Repose bars Grayson's claims against Bouligny. The statute provides as follows:
 
 
 8
 No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.
 
 
 9
 N.C.Gen.Stat. Sec. 1-50(6). The Bouligny Extruder was installed on June 10, 1975. Grayson filed suit on April 22, 1986, nearly eleven years later. Grayson's claims therefore were time barred and the district court properly granted Bouligny's motion for summary judgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Regardless of whether transfer of venue to the United States District Court for the Western District of North Carolina was proper, the choice-of-law principles of the transferor forum would prevail. The relevant issue on appeal would remain whether the North Carolina Statute of Repose, N.C.Gen.Stat. Sec. 1-50(6), would govern disposition of this case. We think that it would and, therefore, find it unnecessary to reach the change of venue issue in this case