IN THE SUPREME COURT OF NORTH CAROLINA

No.426A18

Filed 18 December 2020

ELIZABETH ZANDER and EVAN GALLOWAY

v.

ORANGE COUNTY, N.C. and the TOWN OF CHAPEL HILL

Appeal pursuant to N.C.G.S. § 7A-27(a)(4) from an order on plaintiffs' motion allowing class certification and appointment of class counsel entered on 3 August 2018 by Judge C. Winston Gilchrist in Superior Court, Orange County. Heard in the Supreme Court on 3 February 2020.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Robert J. King III, Daniel Smith, and Matthew B. Tynan, for plaintiffs.*

*Womble Bond Dickinson, by James R. Morgan, Sonny S. Haynes, and Patricia I. Heyen, for defendants.*

MORGAN, Justice.

In this matter, we are asked to determine whether the Superior Court, Orange County abused its discretion in certifying two classes of plaintiffs who wish to recover impact fees assessed by defendants Orange County and the Town of Chapel Hill under a now-repealed statute which had been enacted to allow certain counties and municipalities to defray the costs for constructing public schools, among other public services. As discussed herein, we affirm the trial court's order regarding class certification. Defendants have also advanced arguments of error in a related

discovery issue in the case, which we dismiss as interlocutory and not properly before this Court at this time.

*Factual Background and Procedural History*

Although the essence of this appeal lies in our review of the trial court's decision regarding class certification, in order to understand the origination of this case and the parties' appellate arguments, initially it is appropriate to engage in a brief review of the history of the impact fee legislation underlying plaintiffs' claims and hence the potential classes which plaintiffs seek to represent. In 1987, the North Carolina General Assembly passed "An Act Making Sundry Amendments Concerning Local Governments in Orange and Chatham Counties," authorizing Orange County to pass an ordinance providing "a system of impact fees to be paid by developers to help defray the costs to the County of constructing certain capital improvements, the need for which is created in substantial part by the new development that takes place within the County." 1987 N.C. Sess. Law 460. Among other types of capital improvements listed in the 1987 Session Law, Orange County was specifically authorized to collect impact fees for defraying the cost of public schools in the Town of Chapel Hill. The 1987 Session Law included the following provision:

> (i) Limitations on Actions.
>> (1) Any action contesting the validity of an ordinance adopted as herein provided must be commenced not later than nine months after the effective date of such ordinance.

> (2) Any action seeking to recover an impact fee must be commenced not later than nine months after the impact fee is paid.

1987 N.C. Sess. Law 460, § 17(i).

In 1991, the General Assembly expanded Orange County's authority to permit the County to levy and collect impact fees for capital needs not only to benefit public schools in the Town of Chapel Hill, but also to defray costs of public schools throughout the entire county. 1991 N.C. Sess. Law 324, §§ 1, 2. The enabling legislation was further amended in 1993. 1993 N.C. Session Law 642, § 4(a)–(b).

Pursuant to the authority granted by the state's legislative body in these acts, to which we shall refer collectively as "the enabling legislation" for purposes of this decision, in 1993 the Orange County Board of Commissioners (the Board) adopted the "Orange County Educational Facilities Impact Fee Ordinance" and began collecting such fees from property owners seeking certificates of occupancy. The Town of Chapel Hill and the Town of Carrboro, acting on behalf of Orange County, also collected fees under the ordinance. In 2007, Orange County retained TischlerBise Inc., a company of "fiscal, economic and planning consultants" based in the state of Maryland, for assistance with a new impact fee schedule. TischlerBise prepared reports that purported to calculate the "maximum supportable impact fees" for new housing to be built in Orange County based on expected costs for land, school building construction, portable classrooms, support facilities, buses and other school vehicles, and consultant studies. Orange County adopted TischlerBise's fee values. On 11

December 2008, the Board adopted Orange County Ordinance 2008-114 (the 2008 Ordinance), which amended the Orange County Educational Facilities Impact Fee Ordinance. *See* 2008 Ordinance, §§ 30-31 to 80.[1] The 2008 Ordinance provided impact fee amounts which would become effective on the respective dates of 1 January 2009, 1 January 2010, 1 January 2011, and 1 January 2012. *Id.* § 30-33 The fee amounts prescribed by the 2008 Ordinance were determined by setting fees at varying percentages of the values in the reports produced by TischlerBise.

On 25 September 2015, plaintiffs purchased a parcel of real property situated in the Town of Chapel Hill and consequently located in Orange County. Plaintiffs subsequently built a house on the land. The school impact fees at issue in this matter were levied against plaintiffs as authorized by the 2008 Ordinance, pursuant to which plaintiffs were assessed $11,423.00. Following an unsuccessful attempt to seek a waiver of the impact fees or an exemption from payment of the assessed impact fees, plaintiffs paid the impact fees to the Town of Chapel Hill on 4 May 2016. On 15 November 2016, the Board promulgated Orange County Ordinance 2016-034, titled "An Ordinance Amending Chapter 30, Article II - Educational Facilities Impact Fee of the Orange County Code of Ordinances" (the 2016 Ordinance), that included new fees based upon additional reports and calculations from TischlerBise. Plaintiffs would have paid a lower fee under the 2016 Ordinance's fee schedule. *See* 2016

---

[1] Certified copies of the ordinances in question were provided in the supplemental record to this case, which can be viewed through the Court's electronic filing system.

Ordinance § 30-33. The 2016 Ordinance further provided that (1) any fees not expended within ten years "shall be refunded to the feepayer," 2016 Ordinance § 30-35(e)(1); (2) "[i]f the Schedule of Public School Impact Fees . . . is reduced . . . no refund of previously paid fees shall be made," but the "difference between the old and new fees shall be returned to the feepayer" under certain circumstances, *id.* § 30-35(e)(2); and (3) "[w]here an impact fee has been collected erroneously, or where an impact fee has been paid, and the feepayer subsequently files for and is granted an exception . . . the fee shall be returned to the feepayer," *id.* § 30-35(e)(3).

Plaintiffs commenced their putative class action by filing a class action complaint on 3 March 2017 asserting thirteen claims for relief against defendants, including, *inter alia*, claims premised upon an allegation that fees collected under the 2008 Ordinance were illegal and including claims seeking partial refunds as provided under the 2016 Ordinance. On 16 May 2017, the Board, recognizing that the General Assembly was considering the prospect of repealing the enabling legislation for the impact fees at issue and thereby revoking Orange County's impact fee authority, adopted an ordinance reinstating the fees which had been in effect from 1 January 2012 to 31 December 2016 for housing categories that had been included in the 2008 Ordinance's fee schedule. Despite this apparent attempt by Orange County to blunt any action by the General Assembly with regard to the County's powers to assess impact fees, on 20 June 2017 the General Assembly repealed the entirety of the

enabling legislation, the 1987 Session Law, along with all of its amendments. *See* 2017 N.C. Session Law 36 (the Repeal Act).

In the meantime, the case at bar was proceeding through its initial discovery stage. On 16 April 2018, plaintiffs filed a "Motion to Certify Classes and Subclasses and Appoint Class Counsel" and a "Motion to Compel Discovery Responses," seeking from defendants, *inter alia*, the identities of prospective members of plaintiff's proposed classes and subclasses—other parties who had been assessed impact fees. The trial court heard arguments on both motions on 7 May 2018. Plaintiffs sought class certification only for claims against Orange County alleging that the impact fees were *ultra vires* and that rebates were owed to the members of the classes pursuant to the 2016 Ordinance.[2] On 11 May 2018, before the trial court had issued its rulings on plaintiffs' motions, this Court issued its decision in *Quality Built Homes Inc. v. Town of Carthage*, 371 N.C. 60, 813 S.E.2d 218 (2018) (*Quality Built II*), which addressed the applicable statute of limitations for impact fee claims. In light of the new legal authority, defendants filed a "Notice of Subsequently Decided Controlling Authority," noting the *Quality Built II* decision without further reference.

---

[2] At the hearing, defendants contended that plaintiffs' 16 April 2018 Motion to Certify Classes and Subclasses and Appoint Class Counsel did not clearly identify the specific claims for which plaintiffs sought class treatment. Defendants also argued that a proposed order submitted by plaintiffs on 7 May 2018 did not specify which claims were being certified and that any order should clarify "which class members can bring which claims." Plaintiffs' second proposed order submitted on 4 June 2018 more precisely identified the classes and claims discussed at the 7 May 2018 hearing.

On 25 May 2018, the trial court notified the parties that plaintiffs' Motion to Certify Classes and Subclasses and Appoint Class Counsel would be allowed and asked that plaintiffs prepare the order for the trial court to enter which formally allowed the motion. In satisfaction of the trial court's request, plaintiffs provided the trial court with a recommended order. The order narrowed the proposed classes in such a manner that plaintiffs only sought class certification with respect to claims against Orange County, and reduced the class claims for relief from thirteen to four claims. Defendants filed a Motion for Reconsideration on 12 June 2018. The trial court heard the motion to reconsider on 29 June 2018. On 3 August 2018, the trial court entered an order certifying a "Feepayer Class"—defined as "All persons who paid a fee in the amounts established in the 2008 Fee Ordinance during the period [of 3 March 2014 to 31 December 2016]"—and a "Refund Class"—defined as "All persons who paid a fee for a housing unit for which the corresponding fee [payable effective 1 January 2017] under the 2016 Amendment would have been less." The order provided that the Feepayer Class was certified as to the Third (fees alleged to be *ultra vires* as enforced by the Town of Chapel Hill), Eleventh (request for declaratory judgment against both defendants that fees paid under the 2008 amendment to the Ordinance in order to obtain a certificate of occupancy were unlawful), and Thirteenth (request for attorney fees and costs to be taxed against defendants) Class Action Claims for Relief asserted in the class action complaint and that those claims would proceed only against Orange County. The order also provided

that the Refund Class was certified only as to the Twelfth Class Action Claim for Relief (requested refund of fees pursuant to N.C.G.S. § 30-35(e)(2)) and that the claim would proceed only against Orange County.

Along the way, plaintiffs had served discovery requests upon defendants on 8 June 2017, which included a request for production of Orange County's fee payment receipts. The trial court allowed defendants an extension of time to respond until 14 August 2017. Orange County first responded on 18 August 2017 that the request was "overly broad and unduly burdensome." On 8 November 2017, Orange County served a supplemental response asserting a new objection based upon the perceived burdensome nature of plaintiffs' discovery requests. On 21 February 2018, Orange County produced some of the requested fee receipts. On 16 April 2018, plaintiffs filed a motion to compel production of the remainder of the requested fee receipts, on the basis that Orange County had waived its objections by failing to timely respond to the 8 June 2017 discovery requests. At the 7 May 2018 motions hearing, plaintiffs argued that Orange County had waived its objections to production of the fee receipts at issue by neglecting to seek an extension of time to serve its discovery responses or failing to request a protective order under N.C. R. Civ. P. 26(c) or 37(a)(2).

In addressing plaintiffs' Motion to Compel Discovery Responses, the trial court directed Orange County in the 3 August 2018 order to "produce all of the impact fee receipts in its possession, custody, or control for any fee paid on or after [3 June 2014],

and all impact fee receipts in its possession, custody, or control, for any fee payment that would qualify the feepayer as a member of the refund class."

Defendants[3] timely filed a notice of appeal of the 3 August 2018 Order pursuant to N.C.G.S. § 7A-27 (2019) (providing that an appeal lies of right directly to the Supreme Court of a "trial court's decision regarding class action certification under G.S. 1A-1, Rule 23"), and included in their appeal the portion of the 3 August 2018 Order that concerned plaintiffs' Motion to Compel Discovery Responses.

*Analysis*

*I. Class certification order*

Defendants' arguments regarding the trial court's class certification primarily rest upon defendants' position that there are time barriers to the claims asserted by plaintiffs. First, defendants assert that the "Feepayer Class" claims proposed by plaintiffs are barred by defendants' discernment of a "statute of repose" set forth in the enabling legislation: "Any action *contesting the validity of an ordinance* adopted as herein provided must be commenced not later than nine months after the effective date of such ordinance." 1987 N.C. Sess. Law 460, secs. 17(1)(1); 18(1)(1) (emphasis added). Defendants further contend that plaintiffs' Twelfth Class Action Claim on behalf of the proposed "Refund Class" is similarly circumscribed by the provision of

---

[3] Although the certified claims are only against defendant Orange County and the discovery order is directed only to defendant Orange County, the appellant brief is styled as being filed on behalf of "defendants." For consistency and ease of reading, we adopt the plural phrase "defendants" and employ it throughout this opinion.

the enabling legislation stating: "Any action seeking to recover an impact fee must be commenced not later than nine months after the impact fee is paid." 1987 N.C. Sess. I,aw 460 secs. 17(1)(2); 18(1)(2).

Although the enabling legislation which spawned this legal dispute was entirely repealed in 2017, this abolishment of the legislation occurred after plaintiffs initiated their action against defendants which prompted the trial court's order concerning class certifications and discovery rulings. Upon defendants' appeal of these components of the trial court's 3 August 2018 order to this Court, we address them with the mindfulness that our focus is limited to the trial court's treatment of the matters of class certification and discovery embodied in the subject order. We do not, in any way, address the merits of the case.

*1. Standard of review*

Under Rule 23 of the North Carolina Rules of Civil Procedure, a class exists "when the named and unnamed members each have an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members." *Faulkenbury v. Teachers' & State Employees' Ret. Sys. of N.C.*, 345 N.C. 683, 697, 483 S.E.2d 422, 431 (1997) (quoting *Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 280, 354 S.E.2d 459, 464 (1987)). "Other prerequisites for bringing a class action [include] that . . . the named representatives must establish that they will fairly and adequately represent the interests of all members of the class. . . ." *Id.* (citing *Crow*, 319 N.C. at 282, 354 S.E.2d at 465). "If the prerequisites

for a class action are established, it is within the discretion of the trial court as to whether the matter may proceed as a class action." *Id.* (citing *Crow*, 319 N.C. at 283, 354 S.E.2d at 466). Thus, a trial court's decision whether to certify the class as proposed by plaintiffs is reviewed for an abuse of discretion; that is, " 'whether a decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.' " *Beroth Oil Co. v. N.C. Dep't of Transp.*, 367 N.C. 333, 338, 757 S.E.2d 466, 471 (2014) (quoting *Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 199, 540 S.E.2d 324, 331 (2000)). In the present case, defendants argue that the trial court abused its discretion regarding the certification of classes in this lawsuit based upon defendants' view that all of plaintiffs' claims were barred by the statute of repose.

*2. Application to defendants' appeal*

Defendants first argue that plaintiffs' claims on behalf of the Feepayer Class are time-barred by the provision in the enabling legislation which states: "Any action *contesting the validity of an ordinance* adopted as herein provided must be commenced not later than nine months after the effective date of such ordinance." 1987 N.L. Sess. Law 460, secs. 17(1)(1)–(2); 18(1)(1)–(2) (emphasis added). Defendants contend that this provision is a statute of repose. "The term 'statute of repose' is used to distinguish ordinary statutes of limitation from those that begin to run at a time unrelated to the traditional accrual of the cause of action." *Boudreau v. Baughman*, 322 N.C. 331, 339–40, 368 S.E.2d 849, 856 (1988). "Statutes of repose . . .

create time limitations which are not measured from the date of injury." *Trustees of Rowan Tech. v. Hammond Assoc*, 313 N.C. 230, 234 n.3, 328 S.E.2d 274, 276–77 n.3 (1985). Thus, if a challenge is not brought within the period specified in a statute of repose, the would-be plaintiff "literally has *no* cause of action." *Boudreau*, 322 N.C. at 341, 368 S.E.2d at 857; *see generally Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982).

In the instant case, defendants contend that the primary claim brought by the Feepayer Class against Orange County—the Third Class Action Claim that the fees assessed are *ultra vires*—is "solely" a challenge to the *validity* of the 2008 Ordinance and therefore could only have been brought on or before 1 October 2009—within nine months of the 1 January 2009 effective date of the 2008 Ordinance. Defendants further contend that because plaintiffs' primary claim is prohibited due to its tardiness, plaintiffs' claim for declaratory judgment must fail as well. *State ex rel. Edmisten v. Tucker*, 312 N.L. 326, 338, 323 S.E.2d 294, 303 (1984) (holding that "jurisdiction under the Declaratory Judgment Act may be invoked only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute"). Likewise, defendants assert that where the primary underlying claim is foreclosed because it is untimely, plaintiffs' claim for attorney fees and costs also is not eligible to be considered. In sum, because all of the class claims advanced on behalf of the Feepayer Class by plaintiffs fail as a matter of

law, defendants contend that the trial court abused its discretion in certifying the Feepayer Class.

In their response, plaintiffs begin by emphasizing that, in order to prevail, defendants must persuade this Court that the trial court abused its discretion by certifying the Feepayer Class. Plaintiffs submit that the trial court's approach to its considerations of the class certification issues indicates a reasoned basis for the forum's conclusions where it considered extensive arguments from the parties, including seven briefs; reviewed numerous documents and items of correspondence; conducted two hearings; and then reconsidered the matter after the issuance of this Court's decision in *Quality Built II*. As to the substance of defendants' argument that the 1987 enabling legislation contained a statute of repose, plaintiffs acknowledge that plaintiffs "pleaded, argued, and believe that the 2008 Ordinance was unlawful," but "also allege that the *fees themselves were illegal* and must be repaid, with interest, to those who paid them."[4] (Emphasis added). Plaintiffs underscore the assertions in their amended complaint that plaintiffs "have personal interests in the illegality of the fees" and that "[t]he illegality of the fees predominates" over other issues; "[t]he fee amounts established by the 2008 Amendment are *ultra vires* and illegal," in reference to the Third Class Action Claim; "all fees . . . required by [d]efendants . . .

---

[4] Plaintiffs correctly note that Rule 8 of the North Carolina Rules of Civil Procedure permits pleading parties to "set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses," provided that "the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." N.C. R. Civ. P. 8(e)(2).

are unlawful," in reference to the Eleventh Class Action Claim; and "[d]efendants acted outside the scope of their legal authority in requiring class . . . members to pay the fees specified by the 2008 Ordinance," in reference to the Thirteenth Class Action Claim.

We agree with plaintiffs that they sought damages and further relief in their amended complaint on the basis that the fees assessed to plaintiffs and other potential class members were illegal. Thus, even assuming *arguendo* that there is a statute of repose in the enabling legislation governing impact fees which would bar plaintiffs' allegations that the 2008 Ordinance was invalid, plaintiffs' additional averments based upon the alleged illegality of fees collected would remain unaffected. For this reason, we hold that plaintiffs' claims here are not time-barred by any asserted statute of repose in the enabling legislation.

As we observed in *Quality Built II*, a claim to recover fees illegally imposed under an unlawful municipal ordinance is in essence a claim wherein "the nature of the wrongful conduct and harm alleged . . . rests upon the . . . collection of . . . fees rather than the adoption of the impact fee ordinances." 371 N.C. at 71–72, 813 S.E.2d at 227–28 (quotation omitted). We explained that such a claim "rest[ed] upon an alleged statutory violation that resulted in the exaction of an unlawful payment which plaintiffs had an inherent right to recoup." *Id.* at 73, 813 S.E.2d at 228. Likewise, in the case before us, even if defendants are shielded from claims that the 2008 Ordinance was invalid based upon the operation of a statute of repose, any

claims sounding in an assertion that there was "the exaction of an unlawful payment" from those who were required to pay the assessed impact fees are not subject to any statute of repose. Consequently, there is no prohibition against plaintiffs and other parties recognized in the trial court's certification of classes, by virtue of a statute of repose, from proceeding with their proposed claims as the recognized Feepayer Class.

Moreover, the enabling legislation itself, including the supposed statute of repose, was entirely repealed under the Repeal Act while this matter was pending, thereby rendering moot the basis of defendants' arguments. Even if the nine-month limitation period referenced in the act authorizing the imposition and collection of impact fees could have been applicable here, the asserted class claims would still be able to be pursued because the presumed statute of repose would no longer be effective to halt the claims of plaintiffs and the other class members due to the elimination of the time limitation which was arguably included in the repealed enabling legislation. N.C. Session Law 2017-36 ("Repeal Act").

Since there is no existing authority for defendants' argument that the trial court's certification of the Feepayer Class was an abuse of discretion,[5] we find no error on the part of the trial court on this issue.

---

[5] Plaintiffs additionally note that the provisions of the 2008 Ordinance setting the amount of the fees challenged by the Feepayer Class claims were repealed by Orange County effective 1 January 2017, a date prior to the filing of this lawsuit.

*3. Application to the Refund Class*

Defendants also contest the trial court's certification of plaintiffs' Twelfth Class Action Claim for Relief, in which plaintiffs seek a determination that the "refunds required by Orange County Code Section 30-35(e)(2) are due and payable," on behalf of the Refund Class—"All persons who paid a fee under the schedule of fees enacted in the 2008 Fee Ordinance for a housing unit for which the corresponding fee payable effective January 1, 2017 under the 2016 Amendment would have been less."

Defendants contend that the "Twelfth Class Action Claim for Relief is fundamentally a claim to recover a portion of an impact fee already paid. . . . [and] clearly falls within the type of claims contemplated by Orange County's enabling legislation," citing 987 N.C. Sess. Law 460 secs. 17(1)(2); 18(i)(2) ("Any action seeking *to recover an impact fee* must be commenced not later than nine months after the impact fee is paid." (emphasis added)). Defendants note that plaintiffs and "a substantial majority" of the proposed members in the "Refund Class" paid their impact fees more than nine months prior to the filing of the complaint and are therefore barred from recovery by the nine-month statute of repose set forth in the enabling legislation.

However, as plaintiffs argue, the remaining Refund Class claim in this case does not attempt "to recover an impact fee" as set forth in the 1987 legislative act, but instead asserts the right to partial refunds with interest as set forth by section 30-35(e)(2) of the 2016 Ordinance as promulgated by defendant Orange County itself.

Further, as we observed above, the enabling legislation upon which defendants rely has been repealed. We find merit in plaintiffs' submissions on this point and, consistent with our earlier determination on the operation of a perceived time limitation barring plaintiffs' action on behalf of a certified class that such a limitation would have been eliminated due to the repeal of the enabling legislation, we do not find the commission of error on this issue by the trial court.

*II. Discovery order*

Along with their legal arguments to this Court, plaintiffs contemporaneously filed a "Motion to Dismiss Defendants' Appeal from Discovery Order." We agree with plaintiffs' position in their motion that defendants' effort to appeal the discovery ruling of the trial court contained in its 3 August 2018 Order is, at this stage in the litigation of the case, premature and hence must be dismissed for lack of appellate jurisdiction.

Defendants have cited no basis or authority for this Court to review the trial court's order wherein the trial court has compelled discovery regarding the production of fee receipts. *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999) ("An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment."). Accordingly, we dismiss defendants' appeal regarding the discovery portion of the trial court's 3 August 2018 Order.

*Conclusion*

We affirm the trial court's order regarding class certification and dismiss defendants' interlocutory appeal regarding the portions of the trial court's order which pertain to discovery matters. All defenses which defendants may choose to employ at the trial level regarding plaintiffs' claims are expressly reserved.

AFFIRMED IN PART; DISMISSED IN PART.